

Practicing in New York & New Jersey

**Westchester Office**
75 S. Broadway Suite 400
White Plains, N.Y. 10601
William@Wagstaff.Legal
(914) 226-3300

**Manhattan Office**
34 E. 23rd Street
New York, N.Y.10010
By Appointment Only

Of Counsel:
Julie E. Leonard
Kimberly A. Carpenter

May 14, 2021

**VIA ECF**
Honorable Ann Marie Donio, U.S.M.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

**Re: Gordon et al v. Wetzel et al – 1:21-cv-04861**

Dear Judge Donio:

I resisted writing this missive because I never want to waste the Court's time; however, at the outset of this case, I find it too important to ignore discourtesy or misleading representations to the Court.

The State of New Jersey, Colonel Patrick J. Callahan, and Sgt. Randall Wetzel are currently in default. Notwithstanding the parties' failure to seek an extension from the Court or seek consent from plaintiffs to extend the time to answer, before defaulting, plaintiffs in the spirit of collegiality did not move for default but instead contacted, through counsel, Deputy Attorney General Marvin Freeman to resolve the default.

Mr. Freeman and I have spent this week discussing the length of the extension for the defaulting parties and Attorney General Gurbir Grewal and language in his declaration related to service. I initially took issue with misstatements surrounding service on the Attorney General and the State of New Jersey. We worked through the language in his declaration and had an agreement as of 8 pm last night that his office, in his absence today, would file the proposed consent Order - I authorized him to e-sign for me – and his declaration.

This morning I received a call from Deputy Attorney General Matthew Lynch asking to make additional changes to the agreed-upon language in Mr. Freeman's declaration. My instinct was to resist

Page Two
Judge Donio
May 14, 2021

because Mr. Freeman stated before agreeing to the language that he obtained supervisor approval to adopt my changes, which I felt more accurately reflected the events. Mr. Lynch's request contradicted or ignored the existing agreement. Aiming to be cooperative despite my disappointment with the attempt to reopen a closed discussion, I agreed to review Mr. Lynch's additional proposed changes, still willing to consent to more time, even for the defaulting parties.

Then, almost moments later, a third Deputy Attorney General, Eric Intriago, filed an application and proposed Order for the Clerk to extend Attorney General Grewal's time to answer. Aside from being blindsided by this unilateral request, I was erroneously led to believe Mr. Freeman or Mr. Lynch would be filing a consent based on our agreement that included AG Grewal.

Furthermore, paragraph 2 of Mr. Intriago's application (Doc # 9) is misleading to the Court and does not tell the complete service story. On April 15, 2021, the process server attempted service on AG Grewal at his office, and acceptance of service was refused, citing office closure at 1:44 pm. On April 21, 2021, a second attempt was made, and this time the receptionist refused acceptance of service and instructed that it must be effected by email. Lawyers cannot refuse service or direct their staff to either. I contacted Mr. Freeman, and he consented to accept personal service on behalf of AG Grewal via email, which I sent.

Similarly, on April 15, 2021, the process server attempted service on the State of New Jersey at the Attorney General's Office, and service was refused. The process server was redirected to Risk Management at 20 W. State Street, Trenton, NJ 08608

Plaintiffs do not object to the two-week extension to answer but do object to the conduct of the Attorney General's Office.

Again, I apologize for taking the Court's time, but as officers of the Court, we have a responsibility to be candid with the tribunal.

Cc: Eric Intriago
    Kerri E. Chewning

Very truly yours,

William O. Wagstaff III