**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| MAURICE GORDON, SR. INDIVIDUALLY AND AS Administrator of the ESTATE of MAURICE GORDON, JR., RACQUEL BARRETT,<br><br>       Plaintiffs,<br><br>v.<br><br>RANDALL WETZEL, GURBIR SINGH GREWAL, individually and in his official capacity as Attorney General for the State of New Jersey, PATRICK J. CALLAHAN. Individually and in his official capacity as Colonel of the New Jersey State Police, the State of New Jersey, and JOHN/JANE DOES 1-10, being fictitious names for persons whose identities are presently unknown, individually,<br><br>       Defendants. | Case No. 1:21-cv-04861-NLH-AMD |

---

**MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANT RANDALL WETZEL'S MOTION TO STAY CIVIL PROCEEDINGS**

---

           ARCHER & GREINER, P.C.
           One Centennial Square
           33 East Euclid Avenue
           Haddonfield, NJ 08033-0968
           (856) 795-2121

           *Attorneys for Defendant, Randall Wetzel*

           BY: John C. Connell, Esq.
               jconnell@archerlaw.com
               Kerri E. Chewning, Esq.
               kchewning@archerlaw.com
               Nicholas Franchetti. Esq.
               nfranchetti@archerlaw.com

Defendant, Randall Wetzel ("Wetzel" or "Defendant"), by and through his attorneys, hereby files this Memorandum of Law in Support of his Motion to Stay these civil proceedings.

## I. INTRODUCTION

Defendant Wetzel and the facts underpinning this case are the subject of an ongoing criminal investigation. Given that any statement by Defendant Wetzel in this matter may be used against him in the criminal proceeding, Defendant Wetzel will have to choose between waiving his Fifth Amendment rights or accepting an adverse inference if he asserts his Fifth Amendment privilege in the course of these civil proceedings. In the interest of justice, the court should stay this matter pending the completion of the criminal investigation to ensure a just resolution of the current dispute and fulfill the mission of full and complete fact finding.

## II. PROCEDURAL HISTORY

### A. Plaintiffs' Allegations.

Plaintiffs filed an Amended Complaint in this matter on June 15, 2021. In that Amended Complaint, Plaintiffs allege as follows:

Plaintiff Maurice Gordon, Jr. ("Plaintiff Gordon"), an individual with a history of psychiatric difficulties, was traveling on the Garden State Parkway in the morning on May 23, 2020. (Plaintiffs' Amended Complaint, ¶¶ 24-26). Plaintiffs allege that, at around 6:26 a.m., Plaintiff Gordon was stopped by Defendant Randall Wetzel ("Defendant Wetzel") for speeding as he traveled southbound near Exit 50. (Id. at ¶¶ 36-37). Defendant Wetzel allegedly placed Plaintiff Gordon in his police car because Plaintiff Gordon's car had run out of gas and it was dangerous for Plaintiff Gordon to stand next to the road. (Id. at ¶¶ 39-46). Defendant Wetzel opened the rear door to give Plaintiff Gordon a mask when Plaintiff Gordon exited the police vehicle, and Defendant Wetzel repeatedly commanded him to "get in the car." (Id. at ¶¶ 49-50).

Plaintiff Gordon ran to the back of the vehicle, then back towards the front of the police car, closing the rear door as he passed it, and attempted to enter the driver's side at the front of the vehicle. (Id. at ¶¶ 52-54). Defendant Wetzel grabbed Plaintiff Gordon and pulled him 15-20 feet from the vehicle. (Id. at ¶¶ 55). Plaintiff Gordon resisted Defendant Wetzel's efforts and Defendant Wetzel pepper sprayed him. (Id. at ¶¶ 56-57). While Defendant Wetzel called for backup, Plaintiff Gordon ran back to the police vehicle and entered the drivers' seat. (Id. at ¶ 59). Defendant Wetzel pulled Plaintiff Gordon out of the front seat towards the rear of the vehicle when Plaintiff Gordon began to wrestle with him and Defendant Wetzel shot him six times in his torso. (Id. at ¶ 60). Plaintiff Gordon was pronounced dead 17 minutes later. (Id. at ¶ 65).

**B.    The Present Motion**

On June 29, 2021, the parties appeared before the court during an Initial Scheduling Conference. During that conference, counsel for the Attorney General Gurbir Singh Grewal and New Jersey State Police Colonel Patrick J. Callahan ("the State Defendants") represented that there was an ongoing criminal investigation into Defendant Wetzel and the events giving rise to this lawsuit[1], which would present numerous discovery complications. At the suggestion of Defendant Wetzel's counsel, the court directed the Defendants to file any motion to stay these proceeding in light of the criminal investigation by July 13, 2021.

---

[1] Significantly, the ongoing criminal investigation is pursuant to AG Directive 2019-4 (pursuant to Criminal Justice Act of 1970, N.J.S.A. 52:17B-97 to 117; superseding AG Directive 2006-5, the supplement to that Directive issued on July 28, 2015, and AG Directive 2018-1), known as the Independent Prosecutor Directive, which outlines a ten-step process for conducting independent investigations of use-of-force and death-in-custody incidents in compliance with State law. Contrary to the usual prosecutorial discretion afforded grand jury proceedings, the AG Directive mandates that the Independent Prosecutor is "required … to present evidence to a Grand Jury concerning the … Incident." AG Directive 2019-4 §I.H.1. Thus, the grand jury investigatory proceedings against Defendant Wetzel are mandated.

3

### III.     ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance". Landis v. North American Co., 299 U.S. 248, 254-55 (1936) (citing Kansas City Southern Ry. Co. v. U.S., 282 U.S. 760, 763 (1931)). The factors to be considered in deciding whether to grant a stay of discovery in a civil matter pending criminal proceedings include:

> 1) the extent to which the issues in the criminal and civil cases overlap;
>
> 2) the status of the case, including whether the defendants have been indicted;
>
> 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay;
>
> 4) the private interests of and burden on defendants;
>
> 5) the interests of the court; and
>
> 6) the public interest.

Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F.Supp.2d 523, 526-27 (D.N.J. 1998).

#### A.     The Issues in Both Cases Are Substantially Identical.

"The similarity of issues has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay." Id. (quoting Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (1989). Here, it is difficult to imagine how there could be greater overlap between the issues in the civil and criminal matter. The State is investigating Defendant Wetzel to determine whether his actions with respect to Plaintiff Maurice violated any criminal laws, and the present civil action concerns whether those same actions subject Defendant Wetzel to civil liability. As such, this factor weighs heavily in favor of

a stay.

      **B.**      **The Criminal Proceeding**

While "the strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned", the court may also stay discovery "if the Government is conducting an active parallel criminal investigation". Walsh, 7 F.Supp.2d at 527 (quoting Parallel Proceedings, 129 F.R.D. at 203). In particular, courts look at whether there is a sufficient specter of criminal proceedings to justify the defendant's assertion of his Fifth Amendment privileges in response to discovery requests. See id.; see also Cont'l Ins. Co. v. Securi Enterprises, Inc., No. Civ.A. 10-4586 MLC, 2010 WL 5392735, at *9 (D.N.J. Dec. 21, 2010) (finding that the second factor weighed in favor of a stay where no indictment had issued, but the defendant had been subpoenaed by a grand jury and had already asserted his Fifth Amendment privileges in response to discovery); LM Ins. Corp. v. FAV Transp., L.L.C., No. Civ.A. 14-5424 MAS, 2015 WL 4915677, at *2 (D.N.J. Aug. 18, 2015) (staying discovery even though no indictments had been issued in part because there was a "potential compromise of [defendants'] Fifth Amendment rights").

In Walsh, the court noted that "no indictments have been handed down, but the Government has executed search warrants and issued subpoenas to several defendants. Defendants have also been informed that they are targets of the criminal investigation. The Government has indicated to the Court that the investigation is continuing." 7 F.Supp.2d at 527. On this basis, the court concluded that "this action presents a strong case for a stay" because "the defendants have indicated that they will have to assert their Fifth Amendment privileges extensively", and the court agreed that "interrogatory and deposition discovery poses a substantial risk of self-incrimination". Id. Thus, "although this case is still at the preindictment stage, a stay of at least some discovery is warranted". Id, at 528.

Here, no indictments have been handed down, but the State has indicated that their investigation is ongoing, as is required by AG Directive 2019-4. In fact, counsel for the State Defendants has represented that a Shooting Response Team investigation is currently underway, together with a criminal investigation including a mandated State grand jury proceeding. At this stage, Defendant Wetzel fully intends to assert his Fifth Amendment rights in response to discovery requests. As such, this factor weighs in favor of a stay.

### C. There Is No Prejudice to Plaintiffs

For prejudice to plaintiff, mere delay of the litigation is insufficient, as "[d]elays in civil cases are fairly common" and plaintiffs are "protected from monetary harm caused by the delay by its ability to obtain interest as part of its ultimate judgment." Id. Rather, Plaintiff must provide some type of injury "that is particularly unique", such as the possibility that defendants will flee the county with their assets. Id. (citing Citibank, N.A. v. Hakim, 1993 WL 481335, at *2 (S.D.N.Y.1993)); see also In re Adelphia Commc'ns Sec. Litig., No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003) ("Plaintiffs have not shown any prejudice other than delay in pursuing their suits, which is insufficient to support vacating the stay").

Here, there is no unique or particular prejudice to Plaintiffs that would result from a stay. As such, this factor weighs in favor of a stay.

### D. The Burden on Defendant Wetzel is Substantial

The burden on the Defendant Wetzel is tied directly to his need to invoke his Fifth Amendment privileges and any adverse inference that may result in the civil matter. Walsh, 7 F.Supp.2d at 528. In particular, defendants who are the target of a criminal investigation "must choose between waiving their Fifth Amendment rights and defending themselves in the civil lawsuit or asserting the privilege and probably losing the civil case". Id. While "it is not unconstitutional to force a defendant into this choice", courts will avoid placing defendants in

6

this position unnecessarily "in the interests of justice". Id. See also S.E.C. v. Graystone Nash, Inc., 25 F.3d 187, 192 (3d Cir. 1994) ("A trial court must carefully balance the interests of the party claiming protection against self-incrimination and the adversary's entitlement to equitable treatment. Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side").

Here, as mentioned above, Defendant Wetzel intends to assert his Fifth Amendment privilege in response to discovery. Should the court deny the present motion, Defendant Wetzel will be subject to an adverse inference for each of these requests as a result of exercising his constitutional right. Where Plaintiffs cannot substantiate any meaningful prejudice as a result of a delay, justice demands that the court delay the proceedings rather than unnecessarily subject Defendant Wetzel to an adverse inference. As such, this factor weighs in favor of a stay.

### E. The Court Has an Interest in Procuring a Just Result

While courts have "an interest in resolving individual cases efficiently", they likewise have an interest in avoiding an "unjust result" as well as a "constant stream of privilege issues" and other discovery inefficiencies associated with the invocation of the Fifth Amendment privilege. Walsh, 7 F.Supp.2d at 528-29. As the Third Circuit Court explained:

> Although promptness in judicial administration is highly desirable, delay may sometimes be necessary to the mission of doing justice. We are all too often reminded that "justice delayed is justice denied." But, it is equally true that in some situations "justice rushed is justice crushed."
>
> As the Supreme Court has reminded us, "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). In a similar vein, we have said, "we are not unmindful of the need for judicial eagerness to expedite cases, to fully utilize the court's time, to reduce overcrowded calendars and to establish finality of judgments. However, these commendable aspirations should never be used to thwart the objectives of the blind goddess." *Boughner v. Sec. of Hlth., Educ. & Welfare*, 572 F.2d 976, 978-79 (3d Cir.1978).

7

McMullen v. Bay Ship Mgmt., 335 F.3d 215, 218 (3d Cir. 2003).

Here, the court has an interest in fairly resolving the dispute, and forcing Defendant Wetzel to choose between his Fifth Amendment privilege and an adverse inference is antithetical to a just result. Moreover, Defendant Wetzel's invocation of his Fifth Amendment privilege will result in continual discovery motions to resolve the privilege issues, which can be entirely avoided by simply staying this action. As such, this factor weighs in favor of a stay.

### F. The Public Interest Would Be Served by a Stay

Whether a stay would be in the public's interest depends on whether there is any "tangible harm to the public … that could not be remedied by the criminal investigation." Walsh, 7 F.Supp.2d at 529. For example, courts have denied stays where "the civil case, brought by a government agency, was intended to protect the public by halting the distribution of mislabeled drugs … or the dissemination of misleading information to the investing public". Id. (citing United States v. Kordel, 397 U.S. 1, 11 (1970) and Securities and Exchange Commission v. Dresser Indus., 628 F.2d 1368, 1377 (D.C.Cir.1980)). Conversely, this factor weighs in favor of a stay where it "would benefit the public by allowing the Government to conduct a complete, unimpeded investigation into potential criminal activity." Walsh, 7 F.Supp.2d at 529.

Here, there is no tangible harm to the public that will not be remedied by the criminal investigation. Rather, this case involves remedying harms against a specific individual, and therefore the public would benefit from an unimpeded parallel criminal investigation, which seeks to avoid future harms to the public in general. As such, this factor weighs in favor of a stay.

## IV. CONCLUSION

For the foregoing reasons, Defendant Wetzel requests that this court stay this proceeding pending the completion of the ongoing criminal investigation.

                                  Respectfully submitted,

                                  ARCHER & GREINER, P.C.
                                  One Centennial Square
                                  33 East Euclid Avenue
                                  Haddonfield, NJ 08033-0968
                                  (856) 795-2121

                                  *Attorneys for Defendant, Randall Wetzel*

                                  BY: */s/ John C. Connell*
                                           John C. Connell, Esq.
                                           Kerri E. Chewning, Esq.
                                           Nicholas Franchetti, Esq.

On the brief:
        Nicholas Franchetti, Esq.

Dated: July 13, 2021
221559247v2