William O. Wagstaff III – 041322009
The Wagstaff Firm, P.C.
*Attorneys for Plaintiff*
75 South Broadway Suite 400
White Plains, New York 10601
(914) 226-3300
william@wagstaff.legal

Neal Wiesner - 007942004
Wiesner Law Firm, P.C.
*Attorneys for Plaintiff*
34 East 23rd Street - 6th Floor
New York, New York 10010
(212) 732-2225
nwiesner@wiesnerfirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---------------------------------------
**MAURICE GORDON, SR. et al.**,

                **Plaintiffs**,

   -against-


**RANDALL WETZEL, et al.**,

                **Defendants**.
---------------------------------------


Plaintiffs' Brief in Opposition To Motion To Stay Discovery

**TABLE OF CONTENTS**

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . .

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The State Defendants' Motion. . . . . . . . . . . . . . . . . . . .

Tranche One
Disclosure Regarding the Incident and Defendant Wetzel. . . . . . .

Tranche Two
Disclosure Regarding Data and Statistics. . . . . . . . . . . . . .

Tranche III
Disclosure Involving State Defendants' Knowledge and Actions. . .

The Wetzel Motion . . . . . . . . . . . . . . . . . . . . . . . . .

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Table of Authorities**

In re Grand Jury Matter
    697 F.2d 511 (3rd Cir,. 1982) . . . . . . . . . . . . . . . . .

Landis v. North American Co.
    299 U.S. 248 (1936). . . . . . . . . . . . . . . . . . . . . .

Udeen v. Subaru of America, Inc., 378 F.Supp.3d 330, 332-333 [D.N.J. 2019] [Schneider, Mag.])

Walsh Securities, Inc. v. Cristo Property Management, Ltd.,
    7 F.Supp.2d 523 (D.N.J. 1998). . . . . . . . . . . . . . . . .

White v Williams,
    179 F.Supp.2d 405 (D.N.J. 2002]) . . . . . . . . . . . . . . .

**Preliminary Statement**

More than 14 months ago, Maurice Gordon, a 27 year old unarmed black male who carried a bible in his car and had no criminal record, was shot by defendant Wetzel six times during a traffic stop.  After shooting and cuffing him while he laid dying, Wetzel offered no first aid.  Indeed, no first aid was offered until more than 17 minutes later when other officers arrived.

With respect to the State defendants, putting it graphically, albeit figuratively, plaintiffs allege that the statistics and factual data demonstrate that historically in the State of New Jersey, and during the period of time relevant to this action, Martin Luther King would have been three or more times more likely to have been subject to a traffic stop than Charles Manson. Plaintiffs allege that the statistics and facts further demonstrate that, again during time pertinent, Dr. King would have been three or more times more likely than Mr. Manson to have suffered the use of force by police premised upon the same measure of purported provocation (e.g., defiant words, physical resistence, etc.).

While plaintiffs contend the State defendants should have known this, based in part on public admissions and press reports, they believe there is little doubt that the State defendants did

3

have actual knowledge of this. And, in response, plaintiffs contend the State defendants did nothing or, at best, nothing in any meaningful sense.

It is submitted that if force by State actors were being used in such disproportion against Jews, or women, or Sikhs or gays, action would have been taken, as well it should have been.

As it stands, a 27 year old young man without a criminal history and with a bible in his car, known to his shooter at the time of the shooting to be unarmed, is dead.

The State defendants have moved to stay discovery pending the disposition of their motion to dismiss currently calendered for October 18, 2021.

Defendant Wetzel seeks a stay of discovery *sine die* until the close of Grand Jury proceedings.

For the reasons set forth below, it is respectfully submitted the applications to stay by all defendants should be denied.

**Argument**

**The State Defendants' Motion**

As set forth herein, it is submitted that the vast bulk of the State defendants' motion makes no sense as it is without rationale underlying it. Indeed, the grant sought by these defendants - as flat discovery lockdown - exceeds any rationale upon which it is premised.

While the State defendants speak in generalized terms about "burden" and "breadth" of the discovery they seek to halt, with the exception of one area, analysis shows the burden vastly overstated or illusory.

As it pertains to the State defendants, discovery may be divided into three tranches.

**Tranche One**

**Disclosure Regarding the Incident and Defendant Wetzel**

Regardless of the disposition of the State defendants' pending motion, disclosure will be required from the State defendants regarding Wetzel's records and evidence related to the shooting,

5

Plaintiffs' need for this disclosure and its ultimate production would be unaffected by the disposition of the State defendant's pending motion and would only impose a pointless delay.

"[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else" (Landis v. North American Co., 299 U.S. 248, 255 [1936]). Here, the State defendants have set forth no rationale for delaying any burden of disclosure which is inevitable.

"The stay of a civil case is an "extraordinary remedy appropriate for extraordinary circumstances." Weil v. Markowitz, 829 F.2d 166, 174 n. 17 [D.C.Cir.1987]; see also, Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F.Supp.2d 523, 526 [D.N.J. 1998]). While the State specifically opposes the production of unreleased video until the matters are presented to Grand Jury – for which it has been more than fourteen months and counting – materials created independently of the grand jury process do not automatically become "matters occurring before a grand jury" even when they are subpoenaed by or transmitted to a grand jury (In re Grand Jury Matter, 697 F.2d 511, 513 [3rd Cir,.

6

1982]).¹

In any event, while the State's position is informational, the State defendants have not joined in it.  Regardless, the recorded evidence is subsumed within the State defendants' overbroad request to withhold <u>all</u>, including inevitable, disclosure until their motion is decided.

## Tranche Two
**Disclosure Regarding Data and Statistics**

Arguing that proceeding with discovery presents disclosure of formidable breadth and burden, the State defendants note: "[T]he discovery related to the supervisory claims in this case is likely to be expansive, broad, and data-intensive. Plaintiffs will likely demand years-worth of raw data related to State Police practices" (Docket 37-1, Page 14 of 20).

Here, the State defendants may be hoist on their own petard.

---

¹In stating its position, the State articulated no rationale to support it or prejudice it sought to avoid.  Indeed, the State did not even claim that the video it seeks to withhold will ever find its way before the Grand Jury.

7

In their initial motion to dismiss before this Court, they stated, *inter alia:*

> * * * State statutory law actually mandates that an office within the Office of the Attorney General, OLEPS, <u>engage in rigorous oversight and analyses of the State Police's actions, training, and internal investigations in an effort to ensure that members of State Police do not engage in racially motivated policing</u>. As a result, Plaintiffs' claims based on the theory that Defendants fail to supervise and train the State Police in a manner that is constitutionally sufficient should be dismissed as well.

(Docket # 19-1, Page 24 of 28 [emphasis added])

In the State defendants' revised motion to dismiss, they argue:

> Thus, Plaintiffs' assertion in the Amended Complaint that "Grewal has conceded that his office did not do this" (i.e., monitor and analyze uses of force particularly in relation to racial statistics) is inaccurate as to the New Jersey State Police, and in fact he stated the opposite from what Plaintiffs allege. (See Am. Compl. ¶ 77). That assertion made in the Amended Complaint also flies in the face of reality because the Office of the Attorney General in fact <u>conducts extensive statistical analysis of all State Police activity as it relates to the race of the subjects of that activity — including uses of force — and publishes detailed reports of that analysis for anyone in the general public who wishes to review them</u>.

(Docket # 36-1, Page 26 of 34 [footnote omitted] [emphasis added])

In addition, even while resisting disclosure, the State defendants claim they already make most, if not all, of this data

available to the public (Docket # 37-1, Pages 15-16).  They simply resist providing it to plaintiffs.

Thus, the State defendants appear to concede that the statistics and data for which disclosure is sought is maintained and readily available to them, undercutting any claim of great burden or feigned gasp at disclosure of ponderous breadth.

While defendants' motion to dismiss is not before this Court on the instant application, it is the State defendants' leitmotif in trying to justify shutting disclosure down until some unknown and unnamed future date.

As it stands, defendants' presently pending motion is unlikely to be dispositive of their place in this action.

As this Court is aware, after amending the complaint as of right, defendants withdrew an initial motion to dismiss and filed a second. Plaintiffs intend to seek permission, by motion filed this week, to amend to include additional claims against the State defendants under 42 USC §§ 1985 and 1986.  These claims are unlikely to allow non-frivolous challenge as their juristic viability appears established (see, e.g., White v Williams, 179

9

F.Supp.2d 405, 422 [D.N.J. 2002]) and the scope of disclosure for these claims is identical, if not slightly broader, than that for which State defendants seek a stay.

In any event, with a return date of October 18, 2021 on these defendants' pending motion, a stay would likely result in a substantial delay:

> The Court agrees that plaintiffs will be prejudiced if all discovery is stayed while waiting for defendants' motion to be decided. Given the extensive briefing on defendants' motion and the expected time it will take for the motion to be decided, the case will be in suspense for months if defendants' request is granted. Having filed their complaint plaintiffs have a right to move forward. See Costantino v. City of Atlantic City, C.A. No. 13-6667 (RBK/JS), 2015 WL 668161, at *3 (D.N.J. Feb. 17, 2015) (a delay in plaintiffs' efforts to diligently proceed with their claims substantially prejudices plaintiffs).

Udeen v. Subaru of America, Inc., 378 F.Supp.3d 330, 332-333 [D.N.J. 2019] [Schneider, Mag.])

Here, more than 14 months after the shooting, the Gordon family is without closure - and without understanding or relevant facts - in their effort to resolve responsibility for his death. Delaying this action means extending a litigation which is shrouded in grief for them.

Moreover, there is a substantial public interest in this case and this shooting has been the subject of public rallies, protests and significant media attention, often as managed by the State defendants. Indeed, some of this attention was fueled by the defendants themselves as they released carefully curated selected video less than a month after the shooting which, plaintiffs contend, was part of an effort to construct a misleading narrative of events.

For instance, while they released video and personal information in relation to the decedent wholly unknown to defendant Wetzel and irrelevant to whether his shooting was justified, they did not release video of the more than 17 minutes after Wetzel put six slugs into the unarmed decedent's body where, after cuffing him, he made no effort to provide first aid - or even a kind word - as Maurice Junior laid dying on the side of the road.[2]

Indeed, we submit the primary motivation for defendants in seeking to stay disclosure - and the State in seeking to withhold recordings after publicly releasing what they have chosen to

---

[2] In fact, upon information and belief, one of plaintiffs' experts, Michael Baden, M.D., has opined that defendant Wetzel put the handcuffs on the decedent so tightly that had Maurice Junior survived, he would have suffered permanent injury as a result.

release - is that they do not want their skewed narrative challenged by the video and evidence they did not release. It is submitted that the defendants cannot properly pick and choose among the recordings they hold, releasing more than hour of video - including extraneous video - and information regarding the decedent in support of a spun narrative, and then declare all other video they hold off limits.

This is a matter of public interest and importance for another reason. The defendants have conceded a history of racism in this State's law enforcement, and have yet to challenge plaintiffs' claims of continuing racial disproportionality in actions by its police.[3] We submit that indifference or inaction in response to disproportionality in assaults or slaughter of people premised upon race can be the seeds of genocide. This is a matter of importance and an effort to ferret the facts should not be slowed.

**Tranche III**

**Disclosure Involving The State Defendants' Knowledge and Actions**

The final tranche of disclosure as pertains to the State does indeed, as they contend, seek to ferret out the State defendants'

---

[3] Upon information and belief, they will not because they cannot.

12

knowledge and actions - or lack of them - in the face of that knowledge.[4]

Available documentary disclosure on this tranche is likely to be limited by what is likely to be a small well of existing material and, thus, not as invasive as the State defendants suggest. There may also be some irony in the resistance ti disclosure in the case of defendant Grewel, a party whose "transparency" on racial issues and police abuse has been repeatedly proclaimed in press releases and public statements. While the State defendants bridle against the anticipated invasiveness and impositions of depositions, depositions are presently so far off that it is nearly unimaginable, given the predicate discovery necessary, that the disposition of their Rule 12 motion will not have been rendered prior to their taking.

In any event, at any point the defendants are free to make such applications as they deem to be warranted should they be facing any particular disclosure event that might genuinely prejudice them or be deemed unwarranted. They should not be

---

[4]Nevertheless, there may be some odd items which fall outside this conceptual framework set forth as pertinent to the State defendants which are presently unknown and not anticipated.

allowed to jump in a foxhole seeking to delay disclosure any further for a grieving family.

**Defendant Wetzel's Motion For a Stay**

Plaintiffs presently conceives of no non-testimonial disclosure from defendant Wetzel which will be sought and his deposition is likely to be the last called for.[5] Even were a reason for some unanticipated disclosure request to unexpectedly surface, defendant Wetzel could not possibly be damaged by that as his Fifth Amendment rights may instantly be invoked in response with, if necessary, a motion to follow.[6]

There is no reason, rationale and, plaintiffs contend, virtually certainly no benefit to this moving defendant which is provided by the stay of discovery from him that he seeks. The relief he seeks is gratuitous and pointless to issue.[7]

---

[5]Notwithstanding, his deposition may give rise to specific disclosure requests not anticipated prior.

[6]Cognizant of defendant Wetzel's rights, plaintiffs cannot imagine a matter where they would not yield to their reasonable assertion.

[7]As this Court may recall, during our last conference the discussion centered on a stay with respect to the State defendants. Had defendant Wetzel's counsel consulted with plaintiffs to make clear his client's Fifth Amendment concerns prior to making his motion, the imposition of his motion might have been avoided.

Indeed, after these representations, were an issue to arise in the future motivating defendant Wetzel to make application to this Court for a stay or protective Order with respect to discovery sought from him, it might be the plaintiffs, not movant Wetzel, who would have to explain themselves to this Court.

## Conclusion

For the reasons set forth above, it is respectfully submitted that defendants' motions should be denied.

Dated:   New York, New York
         August 2, 2021

                              The Wiesner Law Firm, P.C.


                              /s/Neal Wiesner
                          By:_____
                              Neal Wiesner
                              34 East 23rd Street - 6th Floor
                              New York, New York 10010
                              (212) 732-2225
                              nwiesner@wiesnerfirm.com



                              William O. Wagstaff III
                              The Wagstaff Law Firm, P.C.
                              75 South Broadway Suite 400
                              White Plains, New York 10601
                              (914) 226-3300
                              William@Wagstaff.Legal