UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

| | | |
|---|---|---|
| MAURICE GORDON, SR., et al., | : | Hon. Noel L. Hillman, U.S.D.J. |
| | | Hon. Ann Marie Donio, U.S.M.J. |
| Plaintiffs, | : | |
| | | Civil Action No. 21-4861 |
| v. | : | |
| | | |
| RANDALL WETZEL, et al. | : | Return Date: August 16, 2021 |
| | | |
| Defendants. | : | |

_____

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY
_____

CHRISTOPHER A. EDWARDS
ACTING ATTORNEY GENERAL OF NEW JERSEY
Attorney for Defendants Acting Attorney General Andrew J. Bruck, Gurbir S. Grewal and Patrick J. Callahan
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625
(609) 376 2440

Marvin L. Freeman
Eric Intriago
Deputy Attorneys General
 On the Brief

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..........................................................................................1

ARGUMENT

    PLAINTIFFS FAILED TO EFFECTIVELY ADDRESS THE FACTORS RELATED TO GRANTING STAY OF DISCOVERY WHILE A MOTION TO DISMISS IS PENDING ..........................................................................................2

    A. *Mere Delay Does Not Thwart a Motion to Stay* ..............................3

    B. *There Is Absolutely No Indication that the Supervisory Defendants Will Gain an Unfair Tactical Advantage* ..............................................................................5

    C. *Qualified Immunity Defense Supports a Stay* ................................6

    D. *Plaintiffs Fail to Address Other Requisite Factors* .........................8

CONCLUSION ...................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*19th St. Baptist Church v. St. Peters Episcopal Church*,
   190 F.R.D. 345 (E.D. Pa. 2000)...........................................................................2

*Actelion Pharm. Ltd. v. Apotex Inc.*,
   Civ. No. 12-5743 (NLH/AMD), U.S. Dist. LEXIS 135524, 2013
   WL 5524078 (D.N.J. Sept. 6, 2013)..................................................................2, 3

*Akishev v. Kapustin*,
   23 F. Supp. 3d 440 (D.N.J. 2014).........................................................................3

*Los Angeles v. Lyons*,
   461 U.S. 95 (1983)................................................................................................4

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985)..........................................................................................4, 6

*Udeen v. Subaru of Am., Inc.*,
   378 F. Supp. 3d 330 (D.N.J. 2019)...................................................................3, 4

*Walker v. Cnty. of Gloucester*,
   Civ. No. 15-7073 (RBK/AMD), 2016 U.S. Dist. LEXIS 56393
   (D.N.J. Apr. 28, 2016) .....................................................................................5, 6

**Statutes**

42 U.S.C. § 1985 ........................................................................................................5

42 U.S.C. § 1986 ........................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 25(d) ..................................................................................................1

Fed. R. Civ. P. 26(a)(1)(A)(ii) ...................................................................................7

## **PRELIMINARY STATEMENT**

In their Opposition, Plaintiffs fail to adequately address any of the factors district courts apply when considering a motion to stay discovery while a motion to dismiss is pending. Instead, they primarily complain about delay. But mere delay is insufficient to create the type of prejudice needed to successfully oppose a stay of discovery. And any complaint regarding delay is unwarranted here given that Plaintiffs themselves sought and received a two-month extension to respond to the pending Motion to Dismiss. Meanwhile, the primary relevant type of prejudice went unaddressed because Plaintiffs failed to point to a single unfair tactical advantage that former Attorney General Grewal[1] and Colonel Callahan ("Supervisory Defendants") could gain related to this litigation.

Moreover, and contrary to Plaintiffs' summary assertions, the qualified immunity argument is strong. Case law is clear that qualified immunity is immunity *from suit* as well as liability. Indeed, if successful, the motion would greatly simplify this matter by removing all of the complex policy and practice claims and turn this matter into a relatively straightforward excessive force case. Because Plaintiffs have failed to effectively refute Supervisory Defendants' arguments, the court should grant the requested stay of discovery.

---

[1] Because Grewal has now been succeeded in office by Acting Attorney General Andrew J. Bruck, the named parties in this matter will need to be updated under Fed. R. Civ. P. 25(d) for the purposes of Plaintiffs' official capacity claim only.

## ARGUMENT

### PLAINTIFFS EFFECTIVELY IGNORE THE REQUISITE FACTORS RELATED TO GRANTING STAY OF DISCOVERY WHILE A MOTION TO DISMISS IS PENDING.

As set forth below, Plaintiffs' opposition effectively failed to address any of the factors laid out in Supervisory Defendants' moving brief. The factors typically include "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party[,]"; (2) whether denial of the stay would create "'a clear case of hardship or inequity'" for the moving party; (3) "whether a stay would simplify the issues and the trial of the case"; and (4) "whether discovery is complete and/or a trial date has been set." *Actelion Pharm. Ltd. v. Apotex Inc.*, Civ. No. 12-5743 NLH/AMD, U.S. Dist. LEXIS 135524, 2013 WL 5524078, at *11 (D.N.J. Sept. 6, 2013) (citations omitted). Further, some district courts within the Third Circuit also consider generally "the likelihood that [a pending] motion [to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (quotation omitted). Instead, Plaintiffs primarily focused on the delay to discovery that would result from a stay, which is not a factor courts consider in and of itself. Also, Plaintiffs neglected to address that Supervisory Defendants have asserted qualified immunity as a

defense, which is an immunity from the burdens of discovery in addition to trial and liability.

  A. *Mere Delay Does Not Thwart a Motion to Stay.*

Plaintiffs' primary argument against staying discovery appears to be that the parties will need to wait an indefinite amount of time while the court considers Supervisory Defendants' motion to dismiss. But this objection has no bearing on the issue of whether to grant a stay because "delay in resolving [a] dispositive motion does not, without more, establish that undue prejudice will result from issuance of a stay." *Actelion Pharm. Ltd. v. Apotex Inc.*, Civ. No. 12-5743 (NLH/AMD), U.S. Dist. LEXIS 135524, 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013); *see also Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014) ("[d]elay inherently results from the issuance of a stay, but 'mere' delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage").

Moreover, the type of additional concerns needed to make the delay of discovery relevant for this analysis are not present here. For instance, in the primary case cited by Plaintiffs, *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330 (D.N.J. 2019), the additional factor that made delay a relevant issue was that the case was a nationwide class action concerning a potential safety hazard in a widely owned automobile. *See id.* at 330. So delay in that case would have potentially implicated the safety of any individual who had purchased a vehicle that contained the allegedly

3

defective product. Whereas here, Plaintiffs primary claims seek damages based upon a harm that has already occurred in the past—the unfortunate and tragic death of Maurice Gordon, Jr.; also because—as Supervisory Defendants argue in their motion to dismiss—Plaintiffs do not possess Article III standing to pursue the lone claim for prospective injunctive relief in this case, the end result of this litigation will not impact any alleged future harm to other non-parties. *See Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (holding that the named plaintiff must be "'[i]mmediately in danger of sustaining some direct injury' as the result of the challenged official conduct" for a federal court to have jurisdiction over claims for injunctive relief).

Additionally, the two corporation defendants in *Udeen* did not possess a defense that would have entitled them to a substantive right to be immune from suit itself and, thus, the burdens of discovery that go along with that immunity. Here, by contrast, Supervisory Defendants have done just that by moving to dismiss the damages claims against them based upon qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Further, Plaintiffs' complaints about delay are belied by their own litigation conduct. First, Plaintiffs requested and received a lengthy adjournment——moving the return date for the motion to dismiss from its original date of August 16, 2021, to October 18, 2021. Plaintiffs—despite independently seeking and obtaining that

lengthy adjournment—now complain that "with a return date of October 18, 2021…a stay would likely result in a substantial delay." Pl. Op. Br. at 10.

Moreover, Plaintiffs have indicated that they plan to yet again seek to amend the Amended Complaint to add two new causes of action prior the motion to dismiss being decided. Specifically, they claim that they are going to add new claims under 42 U.S.C. §§ 1985, and 1986. They plan on doing so despite it being highly unlikely that they have uncovered any new facts that were not previously available when they filed the initial Complaint that would lead them to believe that Supervisory Defendants either engaged in, or ignored, a conspiracy to deprive Gordon of equal protection of law based upon his race—which is what they would need to allege in order to plead a claim under those two statutes. Regardless, yet another amendment to add claims that have been available to them this entire time would result in even more self-caused delay in adjudicating a motion to dismiss. Yet, delay remains their primary source of supposed prejudice.

> B. *There Is Absolutely No Indication that the Supervisory Defendants Will Gain an Unfair Tactical Advantage.*

Tellingly, Plaintiffs do not even address the primary source of prejudice typically needed to thwart a stay of discovery pending a dispositive motion—the prospect of defendants somehow gaining an unfair advantage in the litigation as a result. *See Walker v. Cnty. of Gloucester*, Civ. No. 15-7073 (RBK/AMD), 2016 U.S. Dist. LEXIS 56393, at *7 (D.N.J. Apr. 28, 2016). Instead, they make allegations

related to various extra-legal public relations type of concerns such as the public interest in the case. But those allegations have nothing to do with whether Supervisory Defendants would somehow gain an unfair litigation advantage as the result of a stay. And Plaintiffs have failed to put forth any factual or legal basis to support the notion that, for instance, any evidence would not be preserved during the pendency of a stay. *See Walker,* 2016 U.S. Dist. LEXIS 56393, at *8 (finding "no basis to conclude that evidence in the present matter is likely to be lost"). Thus, Plaintiffs have failed to show that the necessary type of prejudice to opposing a stay of discovery is present here.

    C.    *Qualified Immunity Defense Supports a Stay.*

Where addressing the hardship on Supervisory Defendants should the court deny a stay, Plaintiffs conveniently ignore that Supervisory Defendants have asserted the defense of qualified immunity in their motion to dismiss. That defense removes this case from the ordinary situation where the propriety of a stay depends only upon the discretionary balancing of equitable factors. Instead, when defendants have asserted qualified immunity as a basis for a motion to dismiss, they have asserted an actual substantive right to be free from the burdens of discovery pending a decision on that immunity from suit. *See Mitchell*, 472 U.S. 511, 526 (1985).

Further, their arguments as to why engaging in discovery would not present a hardship upon Supervisory Defendants are without merit. They primarily argue that

Supervisory Defendants have access to the information and records that would likely be demanded in discovery. *See* Pl. Op. Br. at 8. But that assertion would be true in any civil litigation where parties are obligated to produce things that are in their "possession, custody, or control." Fed. R. Civ. P. 26(a)(1)(A)(ii). But Plaintiffs noting the fact that a party has access to the things that they could produce in discovery does not address the breadth of information and raw data that Plaintiffs would likely demand to prove their supervisory liability claims here. Plaintiffs also rely upon the contradictory assertion that Supervisory Defendants somehow "resist providing" publicly available information to them. Pl. Op. Br. at 9. Logically, Plaintiffs have full access to publicly available reports or information that New Jersey's Department of Law and Public Safety publishes, and the fact that the Department collects and published some information for public consumption does not affect the burden that it would experience collecting and providing a considerable amount of other information.[2]

Thus, because Supervisory Defendants have asserted an actual right under the doctrine of qualified immunity to be immune from suit, and because Plaintiffs failed

---

[2] Plaintiffs' Opposition also included argumentation stating that the State "articulated no rationale" for its position that video and audio evidence from the incident should not be produced pending presentment to a grand jury. Pl. Op. Br. at 7. The State of New Jersey is not a defendant in this action. Counsel for Supervisory Defendants provided the court with the Office of Public Integrity and Accountability's position regarding those materials at the court's request.

to effectively address that or any other relevant burden or hardship cited by Supervisory Defendants in their moving brief this factor weighs in favor of the court granting the requested stay of discovery.

### D. *Plaintiffs Fail to Address Other Requisite Factors.*

Plaintiffs do not address the other primary factors considered when a party seeks such a stay of discovery, like whether the pending dispositive motion would result in narrowing or simplifying the underlying claims—and thus the scope of discovery required—in the case. Instead, they merely make blanket statements claiming that the underlying motion to dismiss lacks merit, without engaging in any substantive discussion of why they believe that to be true.

## CONCLUSION

For the above reasons, and those set forth in the moving brief, the motion for a stay of discovery pending the disposition of the Motion to Dismiss should be granted.

>   Respectfully submitted,
>   CHRISTOPHER A. EDWARDS
>   ACTING ATTORNEY GENERAL
>   OF NEW JERSEY
>
> By:   *S/Eric Intriago*
>   Eric Intriago
>   Deputy Attorney General

Dated: August 9, 2021