**Wiesner Law Firm, P.C.**
34 East 23rd Street - 6th Floor
New York, New York 10010
(212) 732-2225
Fax: (646) 678-3532

Practicing in New York, New Jersey, U.S. Tax Ct.
nwiesner@wiesnerfirm.com

August 24, 2021

Hon. Ann Marie Donio
United States Magistrate Judge
 for the District of New Jersey
United States District Courthouse
4th & Cooper Streets
Camden, New Jersey 08101


By ECF & First Class Mail (Courtesy Copy)


Re:   Estate of Gordon, et al v Wetzel, et al., 1:21-cv-04861 (NLH)
      (AMD)

Dear Judge Donio,

    Please accept this letter in reply to the State defendants' response to plaintiffs' motion to amend.

    We strenuously object to the State defendants' self-pronounced 'reservation of rights' "to withdraw the pending Motion to Dismiss, * * * and file one that addresses all counts, including the new ones."

    We conceive of this to be slyly intended as a vehicle to extend the discovery stay they seek to impose pending resolution of their dismissal motion by extending a resolution date even further into the future through withdrawing and re-filing such a motion.

    Inasmuch as we believe plaintiffs' proposed amendment does not trespass on the viability or bases of these defendants' pending motion under Rule 12 - and the State defendants have not claimed otherwise - we find no reason other than strategy for this 'reservation.'

    Were the State defendants contemplating a Rule 12 challenge to the amendment proposed, now was the time to have brought it by opposing plaintiffs' motion to amend on grounds of futility.

Hon. Ann Marie Donio
August 24, 2021
Page Two

    Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. [In re Burlington Coat Factory Securities Litigation], 114 F.3d [1410] at 1434 [3rd Cir. 1997]). In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Id.; 3 Moore's Federal Practice, supra § 15.15[3], at 15-47 to -48 (3d ed.2000).

Shane v. Fauver, 213 F.3d 113, 115 [3rd Cir. 2000] [some citations and internal quotations omitted]; see also e.g., Massarsky v. Gen. Motors. Corp., 706 F.2d 111, 125 [3d Cir.1983] [trial court may properly deny leave to amend where amendment would not withstand motion to dismiss])

    The State defendants have not timely brought a futility challenge to plaintiffs' proposed amendment and, we submit, should now be deemed to have waived a substantively identical challenge, albeit brought in a dilatory manner, as a result.

    As always, thank you for your courtesies and kind attention.

                                         Respectfully,

                                         /s/ Neal Wiesner

                                         Neal Wiesner

cc:  All counsel of record (via CM/ECF)