**Wiesner Law Firm, P.C.**
**34 East 23rd Street - 6th Floor**
**New York, New York 10010**
(212) 732-2225
Fax: (646) 678-3532

Practicing in New York, New Jersey, U.S. Tax Ct.
nwiesner@wiesnerfirm.com

March 6, 2022

Hon. Ann Marie Donio
United States Magistrate Judge
 for the District of New Jersey
United States District Courthouse
4th & Cooper Streets
Camden, New Jersey 08101


By ECF & First Class Mail (Courtesy Copy)


Re:  Estate of Gordon, et al v Wetzel, et al., 1:21-cv-04861 (NLH)(AMD)

Dear Judge Donio,

    As you know, we currently have a status conference before you set for Friday.  I am writing regarding discovery issues we anticipate seeking to raise at that conference, with some hope that raising them to you earlier by letter may lead to their cooperative resolution earlier without need for further imposition upon judicial resources.

    We received defendants' Rule 26 disclosure which identified more than 100 items responsive to that Rule that defendants are withholding "as they are the subject of the Court's January 25, 2022 Order concerning discovery involving Co-Defendant Wetzel" (Exhibit A, p 11).  Nothing we can see or which has been pointed out to us upon query (see, Exhibit B) supports this position. Indeed, the colloquy before this Court appears to us quite at odds with it:

> THE COURT:
>
> * * *
>
> * * * And I'm just going to be clear, there is no stay of written discovery from the State unless the Court grants a stay.  So I'm opening up discovery, written discovery

Hon. Ann Marie Donio
March 6, 2022
Page Two

> only, by agreement of all the parties. The stay is -- there's a stay of depositions and there's a stay as to discovery directed -- directly to Officer Wetzel.

Exhibit C, pp 9-10)

Of course, the State defendants are not in a position to assert any Fifth Amendment interests on behalf of defendant Wetzel who, ostensibly, they are investigating. Nevertheless, in deference to defendant Wetzel's Fifth Amendment interests, we agreed:

> * * * not to serve any discovery demands on Trooper Wetzel at this time, but just the discovery -- perhaps discovery regarding Trooper Wetzel, but discovery from the State only.

(*Id.* pp 8-9)

Indeed, defendant Wetzel's counsel correctly characterized the limitations on disclosure this Court directed: "* * * there's an agreement for the plaintiffs not to seek discovery <u>from Trooper Wetzel</u> * * *" (*id.* p 10 [emphasis added]).

We have, of course, raised this issue with the State defendants (Exhibit B), but have received nothing in response nor any defense of their putative interpretation of this Court's mandates.

It does not end there. While we acceded to defendants' request for an additional 30 days to respond to our disclosure demands (Exhibit D), we did receive a troubling response to our Notices to Admit (Exhibit E[1]).

For instance:

> 4. You were aware of a racial disproportionality in the use of force by the NJSP during the year 2018.

---

[1] While each of the defendants responded to our Notices to Admit served on each of them, only defendant Grewal's response is appended here as exemplary.

Hon. Ann Marie Donio
March 6, 2022
Page Three

> Response: Answering Defendant cannot admit or deny this Request because it is vague, ambiguous and fails to identify or define the racial group(s), fails to identify or define the target or base population or identify the statistical methodology. Moreover, the term "racial disproportionality" is vague and open to various interpretations.

We have pointed out to Mr. Freeman that we do not believe this is vague, ambiguous or deficient for failing to identify or define a racial group.  If no racial groups are defined, presumably that would mean "any."   Nor do we believe that "racial disproportionality" is vague and open to various interpretations or that defendants do not know what "racial disproportionality" means.

As another example:

> 40.  You were aware of a racial disproportionality of at least 8 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2020.
>
> Response: Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

We did not view this to be a brain teaser for which graphic illustration was necessary:

**USE OF FORCE**

| **Black People** | **White People** |
|---|---|
| IIII<br>IIII | I |

Further, we believe we have made it clear both in conversation and writing that if there were any hermeneutic or other concerns, such as about breadth or burden, we are committed to being reasonable and are here to clarify or discuss them in an effort to resolve them cooperatively.

It takes two to tango however.

Hon. Ann Marie Donio
March 6, 2022
Page Four

    Thank you for your continuing courtesies and kind attention.

                                  Respectfully,

                                  /s/Neal Wiesner

                                  Neal Wiesner


cc:   All counsel of record (via CM/ECF)