UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAURICE GORDON, SR., et al., | ) | 21-CV-4861(KMW/AMD) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RANDALL WETZEL, et al., | ) | Camden, NJ |
| | ) | January 25, 2022 |
| Defendants. | ) | 12:06 p.m. |

TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
BEFORE THE HONORABLE ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiffs: | NEAL WIESNER, ESQUIRE<br>WIESNER LAW FIRM, PC<br>34 East 23rd Street, 6th Floor<br>New York, NY 10010 |
| | WILLIAM O. WAGSTAFF, ESQUIRE<br>THE WAGSTAFF FIRM, PC<br>75 South Broadway, Suite 400<br>White Plains, NY 10601 |
| For the Defendants, Gurbir S. Grewal and Patrick J. Callahan: | MARVIN L. FREEMAN, ESQUIRE<br>ERIC INTRIAGO, ESQUIRE<br>DEPUTIES ATTORNEY GENERAL<br>STATE OF NEW JERSEY OFFICE OF THE ATTORNEY GENERAL<br>25 Market Street<br>P. O. Box 112<br>Trenton, NJ 08625 |
| For the Defendant, Randall Wetzel: | KERRI E. CHEWNING, ESQUIRE<br>ARCHER & GREINER, PC<br>1025 Laurel Oak Road<br>Voorhees, NJ 08043 |
| | AMY E. PEARL, ESQUIRE<br>ARCHER & GREINER, PC<br>One Centennial Square<br>P. O. Box 3000<br>Haddonfield, NJ 08033 |
| Audio Operator: | SUSAN BUSH |

Transcribed by: DIANA DOMAN TRANSCRIBING, LLC
P.O. Box 129
Gibbsboro, NJ 08026
Office: (856) 435-7172
Fax: (856) 435-7124
Email: dianadoman@comcast.net

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

# I N D E X


| COLLOQUY RE: DISCOVERY: | PAGE |
|---|---|
| Mr. Wiesner | 5 |
| The Court stays depositions | 7 |
| Ms. Chewning | 8 |
| Mr. Wiesner | 8 |
| Mr. Freeman | 9 |
| Ms. Chewning | 10 |
| The Court stays discovery re: Trooper Wetzel | 11 |
| Mr. Freeman | 11 |

(The following telephonic conference was heard at 12:06 p.m.)

THE COURT: Good afternoon, everyone. We're on the record for a status conference in Case No. 21-4861, Estate of Gordon vs. Wetzel, et al.

This conference call is being electronically recorded and I would ask that each time you speak, you identify yourself for the record.

May I have the appearances, please, beginning with plaintiffs' counsel.

MR. WIESNER: Good day, Your Honor. This is Neal Wiesner for the plaintiff.

MR. WAGSTAFF: Good morning, Your Honor -- or, excuse me, good afternoon. This is William Wagstaff for the plaintiffs.

THE COURT: All right. Thank you. For defense?

MR. FREEMAN: Good afternoon, Your Honor. Marvin L. Freeman appearing on behalf of the State defendants.

MR. INTRIAGO: Good afternoon, Your Honor. Eric Intriago for State defendants.

MS. CHEWNING: And good afternoon, Your Honor. Kerri Chewning from Archer & Greiner on behalf of Trooper Wetzel.

MS. PEARL: Good afternoon, Your Honor. Amy Pearl from Archer & Greiner also on behalf of Trooper Wetzel.

THE COURT: All right. Thank you. That's everyone, correct?

MR. WIESNER: Yes, Your Honor.

THE COURT: All right. We have the amended complaint. We have an answer filed by defendant Wetzel, and we have a motion filed in response by the State defendants that was just filed a few days ago. It will be before the district judge.

So where does that leave us and how do we next proceed?

MR. WIESNER: Your Honor, this is Neal Wiesner, if I may speak. We did, as you directed, have a conference among ourselves seeing whether we could work out some -- some kind of accommodation with respect to discovery. Unfortunately -- well, unfortunately from our perspective, from plaintiffs' perspective, defendants just want to blockade discovery.

I think Officer Wetzel is asserting a 5th Amendment right, but we have, as we did in response to the prior motion for a stay, we -- we suggested that we do not expect to need any discovery from Officer Wetzel until many, many months from now. We can delay that.

All the discovery we would be getting regarding Wetzel would be coming through the State defendants. There's actually relatively little we could get from Wetzel, other

than of course at some point deposing him.

And -- and to the extent that the State defendants are -- are concerned about unnecessary disclosures or unnecessary burdens of disclosure, we have also suggested that -- that depositions, they're many months away and by that time, you know, God willing, the summary judgment motion will be decided and maybe even the grand jury will have acted, but -- but the material that we -- we would be seeking from the State defendants is -- is largely material whether they're in the case or out of the case, we -- we would be asking for anyway.

So it is -- I mean, for instance, in terms of statistics, I mean we would want that whether they were in the case or out of the case, and there's no reason not to disclose, particularly when they've taken the position that -- of, you know, tremendous transparency and openness regarding these statistics. And they also -- you know, it's hard for them to claim burden when they -- they have proclaimed in papers that -- that they have an office within the agency, within the Attorney General's office that stays on top of all these statistics.

So in terms of declining to disclose statistical information, we see no rationale regarding that. We just see it as obstructionist. And in terms of the grand jury material, we would certainly be reasonable, you know, if

there was any individuated items that they say, oh, no, this could compromise the grand jury proceedings. But they just want again a blanket prohibition and we think that's unreasonable.

THE COURT: Okay. Let me -- let me -- before I hear from the defendants, let me address it this way. I'm going to do a scheduling order. Is there agreement by all the parties to stay depositions at this time?

MR. WIESNER: Your Honor, this is Neal Wiesner for the plaintiff. Certainly we would -- I mean, yes, is the short answer, yes.

MR. FREEMAN: The State defendants agree, Your Honor.

MS. CHEWNING: Your Honor, as an initial step, but, yes, I would certainly agree with that from Trooper Wetzel's perspective as well.

THE COURT: All right. So the depositions will be stayed. Now, I don't know what the defendants' position is on written discovery, but what I'm going to do is allow the discovery to be served and then if the defendants believe there's a basis to stay, they can make a motion to stay, review the motion.

I don't know what kind of discovery the plaintiff's going to serve, and the plaintiffs point that the discovery with respect to certain statistics from the State is going to

be sought out regardless of whether defendants -- the State defendants get -- have their motion to dismiss granted.

So it seems to me that the best way to go is get a deadline for the service of initial discovery and then if there's a need for a stay, a party can make a stay in the -- stay of written discovery in the confines of what's actually been served.

Doesn't that make the -- is that a way the parties agree to proceed?

MS. CHEWNING: Your Honor, this is Kerri Chewning for Trooper Wetzel. My only issue here is that the grand jury investigation from the information that is available to me, which is limited, of course, is still underway; it has not yet been presented.

So the question of Trooper Wetzel -- you know, discovery addressed to Trooper Wetzel or related to statements or comments, or anything that could potentially create a 5th Amendment problem, you know, sort of is going to be problematic from our perspective, at least until we get some direction on that, on the outcome of the grand jury issue.

MR. WIESNER: Your Honor, this is Neal Wiesner. With your permission, we would agree not to serve any discovery demands on Trooper Wetzel at this time, but just the discovery -- perhaps discovery regarding Trooper Wetzel,

but discovery from the State only.

MR. FREEMAN: Your Honor, this is Marvin Freeman. In response to the Court's question, we agree with the Court's position. If they want to serve written discovery, they certainly can. Our position is that the case should be stayed and we will respond accordingly or present a motion, if necessary, upon receipt of the written discovery demand.

THE COURT: Well, if you're going to make a motion regardless of what it says, then you need to make the motion now. I know you made it before, but -- because I don't want you to wait 30 days and then say, okay, now I'm making a motion to stay, because the standard for a stay when there's a pending dispositive motion requires the Court to analyze a number of items, and I'm hard-pressed to see how the State would have any prejudice and meet that standard, if what is being asked can be asked by way of subpoena if they're even out of the case.

So the burden of depositions is already being stayed. The plaintiff has agreed to stay all discovery against the individuals who may be subject to criminal charges. So if the State's position is, well, there's a motion to dismiss so we're moving to stay, then you need to file that motion or refile it and address that.

And I'm just going to be clear, there is no stay of written discovery from the State unless the Court grants a

stay. So I'm opening up discovery, written discovery only, by agreement of all the parties. The stay is -- there's a stay of depositions and there's a stay as to discovery directed -- directly to Officer Wetzel. So Mr. --

MR. FREEMAN: The State will -- we will refile our motion to stay, Your Honor.

THE COURT: Okay. You can refile it and address the issues that we've talked about, including what prejudice there would be, if any, in granting the stay. And in the meantime, though, the plaintiff serves your discovery, your 30-day clock will start. I want to be clear about that so you're on notice. The fact that you're raising a stay does not stay the case. Okay?

MR. WIESNER: Thank you, Your Honor. This is Neal Wiesner.

MR. FREEMAN: That's fine, Your Honor.

THE COURT: Okay. Is there anything further then today?

MS. CHEWNING: Your Honor, just to be clear, this is Kerri Chewning, would the -- if there's an agreement for the plaintiffs not to seek discovery from Trooper Wetzel, should we be preparing and serving our discovery at this point? It seems that may be a little lopsided. I don't know if we should -- if we should agree that the stay is mutual with respect to discovery on that front.

THE COURT: Mr. Wiesner?

MR. WIESNER: Your Honor, this is Neal Wiesner. What's good for the goose is good for the gander, Your Honor. In other words, if -- if we're restraining ourselves completely, you know, there's no reason for us to be on a different track with respect to Trooper Wetzel.

THE COURT: All right. Well, the stay vis a vis defendant Wetzel, both affirmative and defense oriented, is stayed -- is applicable, meaning the stays of all claims and defenses vis a vis Wetzel. There's no stay as it relates to the plaintiff and the State defendants other than the stay of depositions. And we will have a telephone conference in 45 days. How's that sound?

MR. WIESNER: Thank you, Your Honor.

MR. FREEMAN: Your Honor, this is Marvin Freeman. Just -- just one question. In addition to the motion to stay that we intend to file, if we get written discovery to which we would also like to -- to -- that will affect a stay or that we would file that we would want to stay as well, are we required to file another motion related to that written discovery?

THE COURT: Well, you're moving to stay all discovery, so I don't know -- if that's your point, that's your question, I don't think you would need to file a second motion to say and, by the way, we include in our motion

interrogatory three and document request number five.

MR. FREEMAN: But --

THE COURT: I mean you're making a very broad request for a stay. You're not willing to take the position that you will answer any discovery, am I correct?

MR. FREEMAN: That is correct, Your Honor. The only concern is that if our motion is not decided within the time we are required to respond to written discovery, then we would need to know how to proceed.

THE COURT: You will need to respond or make an application or see if the defense -- the plaintiffs' counsel agrees to stay that period of time pending a new resolution by the Court of your motion.

MR. FREEMAN: Thank you, Your Honor.

THE COURT: The first step is to get your motion filed to stay, since you're taking the position that all matters should be stayed, and then when the plaintiff sends you the discovery request, you can take a look at it.

I would invite you to take a very thorough look at it because I can tell you now that I'm hard-pressed to see how every single interrogatory or document request should be stayed, if the plaintiff has the right to obtain the information anyway by way of third-party subpoena if your motion is granted.

So that being said, if you want to make your motion

and then supplement it when you get the discovery, to see more particular as to what it is you're seeking to stay, and you certainly are welcome to do that. And once you file that motion, as you get closer to the discovery time to respond, you can reach out to plaintiffs' counsel and see if plaintiffs' counsel agrees to a brief stay pending resolution of your motion to stay. And, if not, you can send me a letter.

MR. FREEMAN: Okay. We'll do so.

THE COURT: Is there anything further then for today?

MR. WIESNER: No, Your Honor. Thank you. This is Neal Wiesner.

MS. CHEWNING: No, Your Honor. Thank you.

MR. FREEMAN: Nothing further from State defendants.

MR. WAGSTAFF: Nothing further --

THE COURT: Thank you. You all stay -- oh, I'm sorry. Go ahead.

MR. WAGSTAFF: No, I did want to ask a question. You said you were going to be issuing a schedule earlier and that there was going to be a schedule. Is that the same or did this discussion change --

THE COURT: Well, the schedule is -- the schedule is that fact discovery as indicated today may -- may begin,

subject to the stays that have been agreed to. We'll have a telephone call in 45 days. That's basically all I can do today.

MR. WAGSTAFF: Okay.

THE COURT: I'm not going to give you a fact discovery end date until I know when the stay is going to end. Okay?

MR. WIESNER: Thank you, Your Honor.

MR. WAGSTAFF: Thank you, Your Honor.

THE COURT: All right.

MS. CHEWNING: Thank you, Your Honor.

THE COURT: All right. Counsel, you all have a good day and stay safe. We are adjourned.

* * * * *

C E R T I F I C A T I O N

I, Roxanne Galanti, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/Roxanne Galanti March 2, 2022

ROXANNE GALANTI

DIANA DOMAN TRANSCRIBING, LLC