CHRISTOPHER A. EDWARDS
**ACTING ATTORNEY GENERAL OF NEW JERSEY**
R.J. Hughes Justice Complex
P.O. Box 112
25 Market Street
Trenton, New Jersey 08625-0112
Attorney for Defendants Gurbir Singh Grewal and Patrick J. Callahan

By:    Marvin L. Freeman
       Deputy Attorney General
       Attorney ID: 0454411995
       Phone: (609) 376-2998
       Marvin.freeman@law.njoag.gov

       Eric Intriago
       Deputy Attorney General
       Attorney ID: 274302019
       Phone: (609) 376-3125
       Eric.intriago@law.njoag.gov

| | |
|---|---|
| MAURICE GORDON, SR., et al., | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| | Civil Action No. 1:21-cv-4861 (NLH-AMD) |
| v. | |
| | **DEFENDANT GREWAL'S RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSIONS** |
| RANDALL WETZEL, et al., | |
| Defendants. | |

TO:    William O. Wagstaff III - 041322009
       The Wagstaff Firm, P.C.
       *Attorneys for Plaintiff*
       75 South Broadway Suite 400
       White Plains, New York 10601
       (914) 226-3300
       william@wagstaff.legal

       Neal Wiesner - 007942004
       Wiesner Law Firm, P.C.
       *Attorneys for Plaintiff*
       34 East 23rd Street - 6th Floor
       New York, New York 10010
       (212) 732-2225
       nwiesner@wiesnerfirm.com

PLEASE TAKE NOTICE that Defendant Gurbir S. Grewal ("Answering Defendant"), by way of response to Plaintiffs' Notice to Admit, hereby submits the following answers and objections pursuant to Fed. R. Civ. P. 36:

## OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSIONS

Defendant objects to plaintiffs' Requests for Admissions (collectively, "Requests") as follows:

## GENERAL OBJECTIONS

Each response by Defendant, in addition to any specifically stated objection, is subject to and incorporates the following General Objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Request, does not waive any General Objections made by Defendant.

1. Defendant objects to these Requests to the extent that they are vague, overbroad and unduly burdensome and impose obligations in excess of those imposed by the Federal Rules of Civil Procedure.

2. Defendant objects to these Requests to the extent that they seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure, or any other applicable rules and statutes. Defendant will respond to each of the Requests in accordance with the requirements of the Federal Rules of Civil Procedure.

3. Defendant objects to these Requests to the extent that they seek information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to these Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided.

5. The inadvertent disclosure by Defendant of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, shall not constitute a waiver by Defendant of such protection.

6. In response to these Requests, Defendant does not concede that any of the responses or information contained herein is relevant or admissible. Defendant reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

7. Defendant objects to any Request that employs imprecise specifications of the information sought as vague and ambiguous.

8. The following Responses reflect Defendant's present knowledge, information and belief and may be subject to change or modification based on further discovery of facts or circumstances which may come to Defendant's knowledge. Defendant specifically reserve the right to further supplement, amend or otherwise revise Responses to these Requests.

        CHRISTOPHER A. EDWARDS
        ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Marvin L. Freeman _____
       Marvin L. Freeman
       Deputy Attorney General

DATED: February 25, 2022

## ANSWERS TO REQUESTS FOR ADMISSIONS

In the year 2020:

1. You were aware of a racial disproportionality in the use of force by the NJSP during the year 2015.

   **Response:** Answering Defendant cannot admit or deny this Request because it is vague, ambiguous and fails to identify or define the racial group(s), fails to identify or define the target or base population or identify the statistical methodology. Moreover, the term "racial disproportionality" is vague and open to various interpretations.

2. You were aware of a racial disproportionality in the use of force by the NJSP during the year 2016.

   **Response:** Answering Defendant cannot admit or deny this Request because it is vague, ambiguous and fails to identify or define the racial group(s), fails to identify or define the target or base population or identify the statistical methodology. Moreover, the term "racial disproportionality" is vague and open to various interpretations.

3. You were aware of a racial disproportionality in the use of force by the NJSP during the year 2017.

   **Response:** Answering Defendant cannot admit or deny this Request because it is vague, ambiguous and fails to identify or define the racial group(s), fails to identify or define the target or base population or identify the statistical methodology. Moreover, the term "racial disproportionality" is vague and open to various interpretations.

4. You were aware of a racial disproportionality in the use of force by the NJSP during the year 2018.

   **Response:** Answering Defendant cannot admit or deny this Request because it is vague, ambiguous and fails to identify or define the racial group(s), fails to identify or define the target or base population or identify the statistical methodology. Moreover, the term "racial disproportionality" is vague and open to various interpretations.

5. You were aware of a racial disproportionality in the use of force by the NJSP during the year 2019.

   **Response:** Answering Defendant cannot admit or deny this Request because it is vague, ambiguous and fails to identify or define the racial group(s), fails to identify or define the target or base population or identify the statistical methodology. Moreover, the term "racial disproportionality" is vague and open to various interpretations.

6. You were aware of a racial disproportionality in the use of force by the NJSP during the year 2020.

**Response:** Answering Defendant cannot admit or deny this Request because it is vague, ambiguous and fails to identify or define the racial group(s), fails to identify or define the target or base population or identify the statistical methodology. Moreover, the term "racial disproportionality" is vague and open to various interpretations.

7. You were aware of a racial disproportionality of at least 3 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2015.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

8. You were aware of a racial disproportionality of at least 3 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2016.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

9. You were aware of a racial disproportionality of at least 3 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2017.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

10. You were aware of a racial disproportionality of at least 3 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2018.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

11. You were aware of a racial disproportionality of at least 3 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2019.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

12. You were aware of a racial disproportionality of at least 3 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2020.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

13. You were aware of a racial disproportionality of at least 4 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2015.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

14. You were aware of a racial disproportionality of at least 4 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2016.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

15. You were aware of a racial disproportionality of at least 4 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2017.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

16. You were aware of a racial disproportionality of at least 4 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2018.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

17. You were aware of a racial disproportionality of at least 4 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2019.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

18. You were aware of a racial disproportionality of at least 4 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2020.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

19. You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2015.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

20. You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2016.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

21. You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2017.

**Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

22. You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2018.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

23. You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2019.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

24. You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2020.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

25. You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2017.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

26. You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2018.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

27. You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2019.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

28. You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2020.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

29. You were aware of a racial disproportionality of at least 6 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2017

**Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

30. You were aware of a racial disproportionality of at least 6 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2018.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

31. You were aware of a racial disproportionality of at least 6 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2019.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

32. You were aware of a racial disproportionality of at least 6 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2020.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

33. You were aware of a racial disproportionality of at least 7 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2017.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

34. You were aware of a racial disproportionality of at least 7 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2018.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

35. You were aware of a racial disproportionality of at least 7 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2019.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

36. You were aware of a racial disproportionality of at least 7 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2020.

    **Response:** Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

37. You were aware of a racial disproportionality of at least 8 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2017.

    **Response:**   Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

38. You were aware of a racial disproportionality of at least 8 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2018.

    **Response:**   Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

39. You were aware of a racial disproportionality of at least 8 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2019.

    **Response:**   Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

40. You were aware of a racial disproportionality of at least 8 to 1 in the use of force by the NJSP against black people as opposed to white people by the NJSP during the year 2020.

    **Response:**   Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

        CHRISTOPHER A. EDWARDS
        ACTING ATTORNEY GENERAL OF NEW JERSEY

        By:    <u>s/Marvin L. Freeman</u>
               Marvin L. Freeman
               Deputy Attorney General