**Wiesner Law Firm, P.C.**
**34 East 23rd Street - 6th Floor**
**New York, New York 10010**
(212) 732-2225
Fax: (646) 678-3532

Practicing in New York, New Jersey, U.S. Tax Ct.
nwiesner@wiesnerfirm.com

                                                           March 12, 2022

Hon. Ann Marie Donio
United States Magistrate Judge
 for the District of New Jersey
United States District Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

By ECF & First Class Mail (Courtesy Copy)

Re:  Estate of Gordon, et al v Wetzel, et al., 1:21-cv-04861 (NLH)
     (AMD)

Dear Judge Donio,

    Yesterday we received additional responses from the State defendants to our disclosure requests. Unfortunately, in light of that production, the concerns expressed in letter to you of March 6, 2022 are only multiplied.

    As an initial matter, it appears defendants have attempted an end run around the understandings and directions expressed during our previous conference. At that conference, you cautioned:

> THE COURT: * * * And I'm just going to be clear, there is no stay of written discovery from the State unless the Court grants a stay. * * *

(Exhibit C,[1] pp 9-10; see also, generally, *id.*, pp 10-13)

    The defendants have now produced a "privilege log" (Exhibit 1) declaring 7,648 pages of documents will be produced "after the presentation of the underlying matter to a Grand Jury and potential

---

[1]References to exhibits preceded by a letter refer to those exhibits accompanying plaintiffs' March 6, 2022 letter. Exhibits preceded by a number refer to those accompanying the instant submission.

Hon. Ann Marie Donio
March 12, 2022
Page Two

criminal prosecution" (*id.*).[2]

Thus, the defendants have simply declared disclosure is stayed on their own. We believe this was at odds with the Court's direction and is devoid of any rationale beyond obstructionism. If, as defendants concede, this material is releasable - and will be released - after Grand Jury proceedings, in light of the Confidentiality Order in effect, we know of no rationale which justifies the delay in the release of this material to plaintiffs now.[3]

In asserting grounds for the stay in disclosure, defendants have articulated three bases: Grand Jury Investigation Privilege, Official Information Privilege and Deliberative Process Privilege (Exhibit 1).

The first, at least as articulated, may not be recognized in this Circuit. We submit the last two make no sense since defendants have promised production after Grand Jury proceedings. These privileges, which would apparently not impede production at that point, would not evaporate upon the conclusion of Grand Jury action if they were, in fact, substantive impediments to production. Thus, we do not regard these last two asserted privileges as impediments to production at all but rather as skeletal invocations of insubstantial rationales for delay.

With respect to a "Grand Jury Investigation Privilege," a Westlaw search for New Jersey and throughout the Third Circuit did not produce a single case using that phrase.

---

[2]While defendants hold out the possibility of a criminal prosecution, we believe that, from defendants' perspective, is foretold as unlikely. Among other things, as we understand it, defendant Wetzel continues in possession of firearms. Upon information and belief, the State does not generally permit murder suspects to walk the streets while armed with lethal force during investigations.

[3]Whether this material should be released to defendant Wetzel, ostensibly the subject of the Grand Jury investigation, presents a different issue. We believe it should not.

Hon. Ann Marie Donio
March 12, 2022
Page Three

     With respect to an "Official Information Privilege," while defendants have tacitly conceded such a privilege, assuming it applied, would not bar disclosure, if defendants wanted to use it as a rationale to delay discovery, it should have been raised in a motion to stay:

> In order to assert such a privilege, [a] claim of [official information] privilege must be asserted by the head of the agency claiming the privilege after he or she has personally reviewed the material and submitted precise and certain reasons for preserving the confidentiality of the communications. Moreover, a party must provide a court with the information necessary to make a reasoned assessment of the weight of interests against and in favor of disclosure, and to allow the plaintiff a fair opportunity to challenge the bases for the assertion of the privilege. such[sic] information includes:
>
>> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest, (5) and a projection of how much harm would be done to the threatened interests if the disclosure[s] were made.
>
> Furthermore, it is only after the court determines that the party asserting the official information privilege has provided a sufficient affidavit does the Court then

Hon. Ann Marie Donio
March 12, 2022
Page Four

> conduct an analysis of the government's interest in protecting the information at issue and a plaintiff's presumed right to discovery. A claim of the official information privilege in a § 1983 case [m]ust be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action.

(Castellani v. City of Atlantic City, 102 F.Supp.3d 657, 670 [USDC, NJ 2015] [Donio, M.J.] [citations and internal quotations omitted])

With respect to a "Deliberative Process Privilege," there too if it is a substantive impediment to disclosure it can hardly exist and then evaporate at Grand Jury's end. Moreover, we do not believe it can be said to apply to shield the *res gestae* as defendants appear to be seeking here (see, e.g., Reid v. Cumberland County, 34 F.Supp.3d 396, 145 [USDC, NJ 2013] [Donio, M.J.]).

With respect to defendants' other responses (Exhibit 2), from plaintiffs' perspective they are rife with problems as well. It is disappointing that despite our importuning (see, e.g., Exhibit B, Exhibit 3), rather than raising putative concerns with us prior to responding in an effort to mutually work to reasonably accommodate the interplay of the parties' rights and obligations, defendants simply responded unilaterally in a manner we believe will maximize the burdens on both parties and, likely, ultimately the Court.

We will be raising our additional concerns with defendants in an effort to at least narrow those that must remain. Early signs indicate that, upon leave of this Court, we will be raising them before it as well before too long.

As always, thank you for your courtesies and kind attention.

                                      Respectfully,

                                      /s/Neal Wiesner

                                      Neal Wiesner

cc:  All counsel of record (via CM/ECF)