

**Kerri E. Chewning**
*Also Member of Pennsylvania Bar*
kchewning@archerlaw.com
856-616-2685 Direct

Archer & Greiner, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
856-795-2121 Main
856-795-0574 Fax
www.archerlaw.com

March 31, 2022

**Via CM/ECF Only**
Honorable Ann Marie Donio, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

      Re:    **Estate of Gordon, et al. v. Wetzel, et al.,**
              **Civil Action No.: 21-4861(KMW-AMD)**

Dear Judge Donio:

      This firm represents Defendant Randall Wetzel in the above-referenced matter. We write to request that the Court conduct a telephone conference at its earliest convenience to address an important issue that has recently come to our attention regarding Plaintiffs' position that Trooper Wetzel should not be copied on or receive any correspondence or discovery materials, some of which bear directly upon Trooper Wetzel, exchanged between Plaintiffs and the State Defendants.

      As Your Honor will recall, the January 25, 2022 Order stayed discovery as to Trooper Wetzel in light of the anticipated grand jury proceedings. In addition to staying depositions, the Order stated as follows:

> By consent of the parties, all written discovery between Plaintiffs and Defendant Wetzel is stayed pending further Order of the Court.

1/25/22 Scheduling Order.

      Plaintiffs have taken the position that the January 25, 2022 Order precludes the production of documents and discovery to Trooper Wetzel. Based upon a recent email exchange, it is also now evident that we have been left out of meet and confer discussions negotiating the scope of the discovery Plaintiffs will be receiving from the State. It appears that the anticipated documents will include information that is specific to the State Police investigation of the underlying incident. These discussions have been happening without anyone involved to protect Trooper Wetzel's interests.

      As noted in the email exchanges attached hereto as Exhibit 1, Plaintiffs take the position that the State Defendants are not allowed to produce any of these documents to me as defense counsel for Trooper Wetzel. Plaintiffs contend that production of documents that are specific to

March 31, 2022
Page 2

this incident cannot be produced to counsel for Trooper Wetzel because Plaintiffs believe that "providing copies of those [documents] to his counsel could have the potential of infecting the grand jury proceedings." (alterations added).  In correspondence addressed to the undersigned today, Plaintiffs maintain that position:

> Nevertheless, we do view the idea of sharing investigative material with the subject of the investigation as the investigation is ongoing as improper on its face.

Pls.' Letter dated 3/31/22 (attached hereto as Exhibit 3).

Federal Rule of Civil Procedure 5(a)(1) requires service of all papers on all parties absent an order of the Court.  Rule 5(a)(1)(C) specifically addresses discovery documents.  The limited stay of discovery as to Trooper Wetzel does not contravene or abridge the fundamental requirements of Rule 5.

Further, there is no colorable reading of this Court's January 25, 2022 Order that grants Plaintiffs the unilateral right to determine whether disclosure of documents to counsel for Trooper Wetzel can "infect" the grand jury proceedings.  That is the exclusive function of this Court.  Plaintiffs' position is unsupportable under the Rules and obstructionist.  Plaintiffs are in no position to advocate against the potential taint of the grand jury.  Nevertheless, if Plaintiffs' position is to be credited, and there is any potential to infect the grand jury, then the documents should not be produced in discovery at all by or to any party.  In any event, consistent with Appendix S, the Court has entered a Discovery Confidentiality Order, which allows for the production of documents with an "Attorneys' Eyes Only" endorsement.

Plaintiffs' position on discovery is inconsistent with the representations Plaintiffs' counsel made to this Court during the January 25, 2022 conference call.  During that call with Your Honor, Plaintiffs argued against a wholesale stay of discovery.  Mr. Wiesner argued that the State Defendants should be required to engage in discovery because the materials they would seek from the State would be discovery to which Plaintiffs would be entitled even if the State Defendants were no longer parties in the case:

> … but – but the materials that we – we would be seeking from the State defendants is – is largely material whether they're in the case or out of the case, we – we would be asking for anyway.
>
> So it is – I mean, for instance in terms of statistics, I mean we would want that whether they were in the case or out of the case, and there's no reason not to disclose…

1/25/22 Tr. at 6:8-15 (attached hereto as Exhibit 2).  Although I have not been privy to any of the negotiations as to the scope of the State's anticipated production, it has become clear that Plaintiffs have demanded, and the production will encompass much more than just the statistical or *Monell* type discovery Mr. Wiesner originally identified.

Further, counsel for Trooper Wetzel has not had any opportunity to evaluate the anticipated production and any statements or documents that pertain to the investigation of the

March 31, 2022
Page 3

events giving rise to this action.  This too exceeds the scope of what Plaintiffs represented they would seek in discovery.  Mr. Wiesner told Your Honor:

> All the discovery we would be getting regarding Wetzel would come through the State defendants.  There's actually relatively little we could get from Wetzel, other than of course at some point deposing him.
>
> …
>
> And in terms of the grand jury material, we would certainly be reasonable, you know, if there was any individuated [sic] items that they say, oh, no, this could compromise the grand jury proceedings.  But they just want again a blanket prohibition and we think that's unreasonable.

*Id.* at 5:23 – 6:1; 6:24 – 7:4. In fact, Your Honor acknowledged Plaintiffs' agreement, "the plaintiff has agreed to stay all discovery against the individuals who may be subject to criminal charges." *Id.* at 9:19-21.

Plaintiffs have now taken the position that the State Defendants must respond to all discovery, even those requests that are specific to Trooper Wetzel, including the SRT and internal affairs documents.  Plaintiffs have not cabined their requests to broader issues such as "statistical information" as articulated by Mr. Wiesner on January 25, 2022.  And because we have been precluded from any negotiations with regard to other documents that could bear on the grand jury proceedings, we cannot assess the potential risk of disclosure to any party on that issue.

In short, the limited stay of discovery in the January 25, 2022 Order was instituted solely to protect Trooper Wetzel because of the anticipated grand jury proceedings and potential ramifications on his rights.  The stay was not granted to give Plaintiffs the right to litigate this case as if Trooper Wetzel is not a party.  It does not empower Plaintiffs to seek discovery of all documents related to the underlying incident at this juncture, nor does it grant Plaintiffs the unilateral right to dictate the documents that cannot be produced to counsel for Trooper Wetzel.

We respectfully request that Your Honor convene a conference call to address this exclusionary litigation tactic at the Court's earliest convenience.

Very truly yours,

KERRI E. CHEWNING
AMY E. PEARL

cc:   Neal Wiesner, Esquire
      William O. Wagstaff, III, Esquire
      Marvin Freeman, DAG
      Eric Intriago, DAG

STA171-00860223862153v2