# EXHIBIT 1

**Chewning, Kerri E.**

| | |
|---|---|
| **From:** | Chewning, Kerri E. |
| **Sent:** | Wednesday, March 30, 2022 8:08 PM |
| **To:** | 'Matthew Lynch'; Neal Wiesner; William O. Wagstaff III, Esq. |
| **Cc:** | Marvin Freeman; Eric Intriago; Pearl, Amy E.; Connell, John C. |
| **Subject:** | RE: Wetzel's counsel's position on stipulation |
| **Attachments:** | RE: Stipulation discovery practice |

Counsel:

So that you have the benefit of my original response, I am attaching it to this email.  Federal Rule of Civil Procedure 5(a)(1) requires that all papers be served on all parties.

We are preparing a submission to Judge Donio so that she can resolve this issue as promptly as her schedule allows.

---

**From:** Matthew Lynch <Matthew.Lynch@law.njoag.gov>
**Sent:** Wednesday, March 30, 2022 10:57 AM
**To:** Neal Wiesner <nwiesner@wiesnerfirm.com>; William O. Wagstaff III, Esq. <william@wagstaff.legal>
**Cc:** Marvin Freeman <Marvin.Freeman@law.njoag.gov>; Eric Intriago <Eric.Intriago@law.njoag.gov>; Chewning, Kerri E. <kchewning@archerlaw.com>; Pearl, Amy E. <apearl@archerlaw.com>; Connell, John C. <jconnell@archerlaw.com>
**Subject:** [EXT MAIL] Wetzel's counsel's position on stipulation

Hello Mr. Wiesner and Mr. Wagstaff:

        I sent an email to Wetzel's counsel Kerri Chewning late Monday afternoon asking if they would stipulate to your proposed course of us producing materials in civil discovery only to Plaintiffs but not to Wetzel. I thought that I had copied the two of you on that email, but late yesterday I realized that I had mistakenly left you both off of it. She indicated that they would not stipulate or otherwise agree to us engaging in discovery production in that manner.

        I understand that it is your position is that the language from the 1/25 Order that "all written discovery between Plaintiffs and Defendant Wetzel is stayed" means that none of the discovery exchanged between the State Defendants and Plaintiffs should be served upon Wetzel's counsel while there is an ongoing criminal investigation/potential grand jury indictment against him. But because that Order does not explicitly endorse that practice, and because that practice is outside the norm of civil practice where all parties are usually served with copies of discovery, we are hesitant to proceed in that manner without the explicit instruction by the court to do so.

        What do you believe we should do to overcome this potential impasse? Perhaps we should ask the court for a phone conference as soon as possible? As I mentioned on our phone call last Friday, we have several internal affairs files related to Sgt. Wetzel that we are ready to produce, but I recall you indicated that you thought us providing copies of those to his counsel could have the potential of infecting the grand jury proceedings. Please advise how you think we should proceed.

        Also, Ms. Chewning has requested that we provide her with the correspondence between Plaintiffs and State Defendants regarding the sufficiency of our discovery responses. Do either of you have any issue with us providing that to her?

        Thanks,
        Matt

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.

**Pearl, Amy E.**

| | |
|---|---|
| **From:** | Chewning, Kerri E. |
| **Sent:** | Monday, March 28, 2022 5:11 PM |
| **To:** | 'Matthew Lynch'; Pearl, Amy E. |
| **Cc:** | Connell, John C.; Marvin Freeman; Eric Intriago |
| **Subject:** | RE: Stipulation discovery practice |

Matt:

We absolutely <u>do not agree</u> that excluding us from the exchange of discovery was in the scope of the January 25th Order. The order staying discovery only recognized that requiring Trooper Wetzel to engage in discovery while grand jury proceedings were contemplated or pending could jeopardize his rights. There is nothing in the order that prohibits us from receiving discovery and I am not aware of any Rule of Civil Procedure which allows for parties to exclude other parties from the delivery of discovery absent a court order.

It also appears that there have been some exchanges about the scope and content of discovery to which we have not been a party. As Trooper Wetzel remains a party to this litigation, I am making the request to counsel for the State and counsel for Plaintiffs that all communications, emails, letters, or other exchanges that we have not received be forwarded to my attention immediately.

As I intend to raise these issues in the submission due on March 30th, I would appreciate the favor of a prompt response to my request.

Kerri

**From:** Matthew Lynch <Matthew.Lynch@law.njoag.gov>
**Sent:** Monday, March 28, 2022 4:25 PM
**To:** Chewning, Kerri E. <kchewning@archerlaw.com>; Pearl, Amy E. <apearl@archerlaw.com>
**Cc:** Connell, John C. <jconnell@archerlaw.com>; Marvin Freeman <Marvin.Freeman@law.njoag.gov>; Eric Intriago <Eric.Intriago@law.njoag.gov>
**Subject:** [EXT MAIL] Stipulation discovery practice

Hello Kerri and Amy,

In response to some correspondence from them regarding their concerns/issues with our discovery responses, I had a meet and confer phone call with both of Plaintiffs' counsel in this matter on Friday. Among the other things we discussed, they expressed their belief/position that Judge Donio's Jan. 25th Order where she ordered that discovery for your client (Wetzel) remain stayed meant that we (i.e. – counsel for the AG and Colonel) should be serving just them with discovery responses and not serving those responses upon Wetzel's counsel (i.e.- you). (specifically discussed were SRT materials that we will not be continuing to assert grand jury secrecy over and some internal affairs records related to Wetzel).

I told them that because the Order did not explicitly state those terms, and because that practice seems to me to be out of the ordinary process for multiparty federal civil litigation, that I would want either (A) counsel for Wetzel to stipulate to us engaging in that practice, or (B) a follow up order or direction from the court permitting us to proceed in that manner.

Thus, please advise as to whether you would be willing to stipulate in writing to that practice of not serving you with our discovery responses while the stay remains in place for your client.

Thanks, Matt

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.