# EXHIBIT 2

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


MAURICE GORDON, SR., et al.,   )   21-CV-4861(KMW/AMD)
                               )
         Plaintiffs,           )
                               )
    vs.                        )
                               )
RANDALL WETZEL, et al.,        )   Camden, NJ
                               )   January 25, 2022
         Defendants.           )   12:06 p.m.


          TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
             BEFORE THE HONORABLE ANN MARIE DONIO
                UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiffs:         NEAL WIESNER, ESQUIRE
                            WIESNER LAW FIRM, PC
                            34 East 23rd Street, 6th Floor
                            New York, NY 10010

                            WILLIAM O. WAGSTAFF, ESQUIRE
                            THE WAGSTAFF FIRM, PC
                            75 South Broadway, Suite 400
                            White Plains, NY 10601

For the Defendants,         MARVIN L. FREEMAN, ESQUIRE
Gurbir S. Grewal and        ERIC INTRIAGO, ESQUIRE
Patrick J. Callahan:        DEPUTIES ATTORNEY GENERAL
                            STATE OF NEW JERSEY OFFICE OF
                            THE ATTORNEY GENERAL
                            25 Market Street
                            P. O. Box 112
                            Trenton, NJ 08625

For the Defendant,          KERRI E. CHEWNING, ESQUIRE
Randall Wetzel:             ARCHER & GREINER, PC
                            1025 Laurel Oak Road
                            Voorhees, NJ 08043

                            AMY E. PEARL, ESQUIRE
                            ARCHER & GREINER, PC
                            One Centennial Square
                            P. O. Box 3000
                            Haddonfield, NJ 08033

Audio Operator:             SUSAN BUSH
```

```
Transcribed by:              DIANA DOMAN TRANSCRIBING, LLC
                             P.O. Box 129
                             Gibbsboro, NJ 08026
                             Office: (856) 435-7172
                             Fax:    (856) 435-7124
                             Email:  dianadoman@comcast.net
```

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

3

I N D E X

| | |
|---|---|
| COLLOQUY RE: DISCOVERY: | PAGE |
| Mr. Wiesner | 5 |
| The Court stays depositions | 7 |
| Ms. Chewning | 8 |
| Mr. Wiesner | 8 |
| Mr. Freeman | 9 |
| Ms. Chewning | 10 |
| The Court stays discovery re: Trooper Wetzel | 11 |
| Mr. Freeman | 11 |

1     (The following telephonic conference was heard
2     at 12:06 p.m.)
3           THE COURT:  Good afternoon, everyone.  We're on the
4     record for a status conference in Case No. 21-4861, Estate of
5     Gordon vs. Wetzel, et al.
6           This conference call is being electronically
7     recorded and I would ask that each time you speak, you
8     identify yourself for the record.
9           May I have the appearances, please, beginning with
10    plaintiffs' counsel.
11          MR. WIESNER:  Good day, Your Honor.  This is Neal
12    Wiesner for the plaintiff.
13          MR. WAGSTAFF:  Good morning, Your Honor -- or,
14    excuse me, good afternoon.  This is William Wagstaff for the
15    plaintiffs.
16          THE COURT:  All right.  Thank you.  For defense?
17          MR. FREEMAN:  Good afternoon, Your Honor.  Marvin
18    L. Freeman appearing on behalf of the State defendants.
19          MR. INTRIAGO:  Good afternoon, Your Honor.  Eric
20    Intriago for State defendants.
21          MS. CHEWNING:  And good afternoon, Your Honor.
22    Kerri Chewning from Archer & Greiner on behalf of Trooper
23    Wetzel.
24          MS. PEARL:  Good afternoon, Your Honor.  Amy Pearl
25    from Archer & Greiner also on behalf of Trooper Wetzel.

1    THE COURT:  All right.  Thank you.  That's
2  everyone, correct?
3    MR. WIESNER:  Yes, Your Honor.
4    THE COURT:  All right.  We have the amended
5  complaint.  We have an answer filed by defendant Wetzel, and
6  we have a motion filed in response by the State defendants
7  that was just filed a few days ago.  It will be before the
8  district judge.
9    So where does that leave us and how do we next
10  proceed?
11    MR. WIESNER:  Your Honor, this is Neal Wiesner, if
12  I may speak.  We did, as you directed, have a conference
13  among ourselves seeing whether we could work out some -- some
14  kind of accommodation with respect to discovery.
15  Unfortunately -- well, unfortunately from our perspective,
16  from plaintiffs' perspective, defendants just want to
17  blockade discovery.
18    I think Officer Wetzel is asserting a 5th Amendment
19  right, but we have, as we did in response to the prior motion
20  for a stay, we -- we suggested that we do not expect to need
21  any discovery from Officer Wetzel until many, many months
22  from now.  We can delay that.
23    All the discovery we would be getting regarding
24  Wetzel would be coming through the State defendants.  There's
25  actually relatively little we could get from Wetzel, other

1    than of course at some point deposing him.
2            And -- and to the extent that the State defendants
3    are -- are concerned about unnecessary disclosures or
4    unnecessary burdens of disclosure, we have also suggested
5    that -- that depositions, they're many months away and by
6    that time, you know, God willing, the summary judgment motion
7    will be decided and maybe even the grand jury will have
8    acted, but -- but the material that we -- we would be seeking
9    from the State defendants is -- is largely material whether
10   they're in the case or out of the case, we -- we would be
11   asking for anyway.
12           So it is -- I mean, for instance, in terms of
13   statistics, I mean we would want that whether they were in
14   the case or out of the case, and there's no reason not to
15   disclose, particularly when they've taken the position that
16   -- of, you know, tremendous transparency and openness
17   regarding these statistics.  And they also -- you know, it's
18   hard for them to claim burden when they -- they have
19   proclaimed in papers that -- that they have an office within
20   the agency, within the Attorney General's office that stays
21   on top of all these statistics.
22           So in terms of declining to disclose statistical
23   information, we see no rationale regarding that.  We just see
24   it as obstructionist.  And in terms of the grand jury
25   material, we would certainly be reasonable, you know, if

1  there was any individuated items that they say, oh, no, this
2  could compromise the grand jury proceedings. But they just
3  want again a blanket prohibition and we think that's
4  unreasonable.
5           THE COURT: Okay. Let me -- let me -- before I
6  hear from the defendants, let me address it this way. I'm
7  going to do a scheduling order. Is there agreement by all
8  the parties to stay depositions at this time?
9           MR. WIESNER: Your Honor, this is Neal Wiesner for
10  the plaintiff. Certainly we would -- I mean, yes, is the
11  short answer, yes.
12          MR. FREEMAN: The State defendants agree, Your
13  Honor.
14          MS. CHEWNING: Your Honor, as an initial step, but,
15  yes, I would certainly agree with that from Trooper Wetzel's
16  perspective as well.
17          THE COURT: All right. So the depositions will be
18  stayed. Now, I don't know what the defendants' position is
19  on written discovery, but what I'm going to do is allow the
20  discovery to be served and then if the defendants believe
21  there's a basis to stay, they can make a motion to stay,
22  review the motion.
23          I don't know what kind of discovery the plaintiff's
24  going to serve, and the plaintiffs point that the discovery
25  with respect to certain statistics from the State is going to

1  be sought out regardless of whether defendants -- the State
2  defendants get -- have their motion to dismiss granted.
3           So it seems to me that the best way to go is get a
4  deadline for the service of initial discovery and then if
5  there's a need for a stay, a party can make a stay in the --
6  stay of written discovery in the confines of what's actually
7  been served.
8           Doesn't that make the -- is that a way the parties
9  agree to proceed?
10          MS. CHEWNING:  Your Honor, this is Kerri Chewning
11 for Trooper Wetzel.  My only issue here is that the grand
12 jury investigation from the information that is available to
13 me, which is limited, of course, is still underway; it has
14 not yet been presented.
15          So the question of Trooper Wetzel -- you know,
16 discovery addressed to Trooper Wetzel or related to
17 statements or comments, or anything that could potentially
18 create a 5th Amendment problem, you know, sort of is going to
19 be problematic from our perspective, at least until we get
20 some direction on that, on the outcome of the grand jury
21 issue.
22          MR. WIESNER:  Your Honor, this is Neal Wiesner.
23 With your permission, we would agree not to serve any
24 discovery demands on Trooper Wetzel at this time, but just
25 the discovery -- perhaps discovery regarding Trooper Wetzel,

1    but discovery from the State only.
2            MR. FREEMAN: Your Honor, this is Marvin Freeman.
3    In response to the Court's question, we agree with the
4    Court's position. If they want to serve written discovery,
5    they certainly can. Our position is that the case should be
6    stayed and we will respond accordingly or present a motion,
7    if necessary, upon receipt of the written discovery demand.
8            THE COURT: Well, if you're going to make a motion
9    regardless of what it says, then you need to make the motion
10   now. I know you made it before, but -- because I don't want
11   you to wait 30 days and then say, okay, now I'm making a
12   motion to stay, because the standard for a stay when there's
13   a pending dispositive motion requires the Court to analyze a
14   number of items, and I'm hard-pressed to see how the State
15   would have any prejudice and meet that standard, if what is
16   being asked can be asked by way of subpoena if they're even
17   out of the case.
18           So the burden of depositions is already being
19   stayed. The plaintiff has agreed to stay all discovery
20   against the individuals who may be subject to criminal
21   charges. So if the State's position is, well, there's a
22   motion to dismiss so we're moving to stay, then you need to
23   file that motion or refile it and address that.
24           And I'm just going to be clear, there is no stay of
25   written discovery from the State unless the Court grants a

```
 1    stay.  So I'm opening up discovery, written discovery only,
 2    by agreement of all the parties.  The stay is -- there's a
 3    stay of depositions and there's a stay as to discovery
 4    directed -- directly to Officer Wetzel.  So Mr. --
 5              MR. FREEMAN:  The State will -- we will refile our
 6    motion to stay, Your Honor.
 7              THE COURT:  Okay.  You can refile it and address
 8    the issues that we've talked about, including what prejudice
 9    there would be, if any, in granting the stay.  And in the
10    meantime, though, the plaintiff serves your discovery, your
11    30-day clock will start.  I want to be clear about that so
12    you're on notice.  The fact that you're raising a stay does
13    not stay the case.  Okay?
14              MR. WIESNER:  Thank you, Your Honor.  This is Neal
15    Wiesner.
16              MR. FREEMAN:  That's fine, Your Honor.
17              THE COURT:  Okay.  Is there anything further then
18    today?
19              MS. CHEWNING:  Your Honor, just to be clear, this
20    is Kerri Chewning, would the -- if there's an agreement for
21    the plaintiffs not to seek discovery from Trooper Wetzel,
22    should we be preparing and serving our discovery at this
23    point?  It seems that may be a little lopsided.  I don't know
24    if we should -- if we should agree that the stay is mutual
25    with respect to discovery on that front.
```

1           THE COURT:  Mr. Wiesner?
2           MR. WIESNER:  Your Honor, this is Neal Wiesner.
3  What's good for the goose is good for the gander, Your Honor.
4  In other words, if -- if we're restraining ourselves
5  completely, you know, there's no reason for us to be on a
6  different track with respect to Trooper Wetzel.
7           THE COURT:  All right.  Well, the stay vis a vis
8  defendant Wetzel, both affirmative and defense oriented, is
9  stayed -- is applicable, meaning the stays of all claims and
10 defenses vis a vis Wetzel.  There's no stay as it relates to
11 the plaintiff and the State defendants other than the stay of
12 depositions.  And we will have a telephone conference in 45
13 days.  How's that sound?
14          MR. WIESNER:  Thank you, Your Honor.
15          MR. FREEMAN:  Your Honor, this is Marvin Freeman.
16 Just -- just one question.  In addition to the motion to stay
17 that we intend to file, if we get written discovery to which
18 we would also like to -- to -- that will affect a stay or
19 that we would file that we would want to stay as well, are we
20 required to file another motion related to that written
21 discovery?
22          THE COURT:  Well, you're moving to stay all
23 discovery, so I don't know -- if that's your point, that's
24 your question, I don't think you would need to file a second
25 motion to say and, by the way, we include in our motion

1   interrogatory three and document request number five.
2              MR. FREEMAN:  But --
3              THE COURT:  I mean you're making a very broad
4   request for a stay.  You're not willing to take the position
5   that you will answer any discovery, am I correct?
6              MR. FREEMAN:  That is correct, Your Honor.  The
7   only concern is that if our motion is not decided within the
8   time we are required to respond to written discovery, then we
9   would need to know how to proceed.
10             THE COURT:  You will need to respond or make an
11  application or see if the defense -- the plaintiffs' counsel
12  agrees to stay that period of time pending a new resolution
13  by the Court of your motion.
14             MR. FREEMAN:  Thank you, Your Honor.
15             THE COURT:  The first step is to get your motion
16  filed to stay, since you're taking the position that all
17  matters should be stayed, and then when the plaintiff sends
18  you the discovery request, you can take a look at it.
19             I would invite you to take a very thorough look at
20  it because I can tell you now that I'm hard-pressed to see
21  how every single interrogatory or document request should be
22  stayed, if the plaintiff has the right to obtain the
23  information anyway by way of third-party subpoena if your
24  motion is granted.
25             So that being said, if you want to make your motion

```
 1   and then supplement it when you get the discovery, to see
 2   more particular as to what it is you're seeking to stay, and
 3   you certainly are welcome to do that.  And once you file that
 4   motion, as you get closer to the discovery time to respond,
 5   you can reach out to plaintiffs' counsel and see if
 6   plaintiffs' counsel agrees to a brief stay pending resolution
 7   of your motion to stay.  And, if not, you can send me a
 8   letter.
 9             MR. FREEMAN:  Okay.  We'll do so.
10             THE COURT:  Is there anything further then for
11   today?
12             MR. WIESNER:  No, Your Honor.  Thank you.  This is
13   Neal Wiesner.
14             MS. CHEWNING:  No, Your Honor.  Thank you.
15             MR. FREEMAN:  Nothing further from State
16   defendants.
17             MR. WAGSTAFF:  Nothing further --
18             THE COURT:  Thank you.  You all stay -- oh, I'm
19   sorry.  Go ahead.
20             MR. WAGSTAFF:  No, I did want to ask a question.
21   You said you were going to be issuing a schedule earlier and
22   that there was going to be a schedule.  Is that the same or
23   did this discussion change --
24             THE COURT:  Well, the schedule is -- the schedule
25   is that fact discovery as indicated today may -- may begin,
```

1  subject to the stays that have been agreed to.  We'll have a
2  telephone call in 45 days.  That's basically all I can do
3  today.
4         MR. WAGSTAFF:  Okay.
5         THE COURT:  I'm not going to give you a fact
6  discovery end date until I know when the stay is going to
7  end.  Okay?
8         MR. WIESNER:  Thank you, Your Honor.
9         MR. WAGSTAFF:  Thank you, Your Honor.
10        THE COURT:  All right.
11        MS. CHEWNING:  Thank you, Your Honor.
12        THE COURT:  All right.  Counsel, you all have a
13 good day and stay safe.  We are adjourned.
14                      * * * * *
15                   C E R T I F I C A T I O N
16        I, Roxanne Galanti, court approved transcriber,
17 certify that the foregoing is a correct transcript from the
18 official electronic sound recording of the proceedings in the
19 above-entitled matter.
20
21    /s/Roxanne Galanti                   March 2, 2022
22 ROXANNE GALANTI
23 DIANA DOMAN TRANSCRIBING, LLC
24
25