# EXHIBIT 3

**Wiesner Law Firm, P.C.**
34 East 23rd Street - 6th Floor
New York, New York 10010
(212) 732-2225
Fax: (646) 678-3532

Practicing in New York, New Jersey, U.S. Tax Ct.
nwiesner@wiesnerfirm.com

March 31, 2022

Kerri E. Chewning, Esq.
Archer & Greiner P.C.
1025 Laurel Oak Road
Voorhees, New Jersey 08043

<u>By Email</u>

Dear Ms. Chewning,

Thank you for sharing your position with us in today's email.

You should know the issue of sharing investigative discovery with you is not so much our issue but, we think, should be one for the Attorney General's Office which, as you know, is not a party to this action. Nevertheless, while representing the two individual State defendants, the attorneys for those defendants have appeared to propound the interests of the AG's Office - in particular the branch conducting the investigation related to your client. To the extent they may properly do so, we have been surprised by their seeming indifference to disclosing investigative materials to the subject of the investigation.

To be sure, we certainly have an interest in a fair investigation of what happened to our client but, at this point, we see that as something of a lost cause. Nevertheless, we do view the idea of sharing investigative material with the subject of the investigation as the investigation is ongoing as improper on its face.

We agree that excluding defendant Wetzel from the exchange of discovery was not in the scope of Magistrate Judge Donio's Order and that there is nothing in the order that prohibits you from receiving discovery. We believe that to the extent the State defendants' counsel was representing the AG's Office they, or counsel for that Office itself, should have sought to ensure that there was. That they did not, we believe, reflects poorly on the integrity of that investigation.

Kerri E. Chewning, Esq.
March 31, 2022
Page Two


There have indeed been some exchanges about the scope and content of discovery to which you have not been a party, just as you engaged in a communication, now shared with us, with Mr. Lynch to which we were not a party. What's wrong with that? You have not joined in our disclosure requests. You have conversations with the State defendants' counsel to which we are not a party and we see nothing wrong with that. We assure you that we, and we believe State defendants' counsel, are fully committed to respecting your client's rights and according you personally all reasonable courtesies. We assume this is reciprocal, but that doesn't mean we expect to be a party to every communication between you and the State defendants' counsel.

And we agree that the Court's wisdom is called for. It is our impression that Mr. Lynch is making that application since it is the State defendants' counsel who would be either providing you with or withholding disclosure. For our part, we continue to wait - less and less patiently - for its transmission.

Thank you for your courtesies and kind attention.


Very truly yours,

/s/Neal Wiesner

Neal Wiesner



cc: (<u>By Email</u>)
William O. Wagstaff III, Esq.
Marvin Freeman, Esq.
John C. Connell, Esq.
Eric Intriago, Esq.
Amy E. Pearl, Esq.