**Wiesner Law Firm, P.C.**
34 East 23rd Street - 6th Floor
New York, New York 10010
(212) 732-2225
Fax: (646) 678-3532

Practicing in New York, New Jersey, U.S. Tax Ct.
nwiesner@wiesnerfirm.com

March 31, 2022

Hon. Ann Marie Donio
United States Magistrate Judge
 for the District of New Jersey
United States District Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

By ECF & First Class Mail (Courtesy Copy)

Re:  Estate of Gordon, et al v Wetzel, et al., 1:21-cv-04861 (NLH)
     (AMD)

Dear Judge Donio,

I write in response to Ms. Chewning's letter to you of even date which misstates or substantially inaccurately states the factual bases underlaying her application.

During discussion with one of the State defendants' attorneys, Matthew Lynch, Esq., during which resolution of these defendants' over-designation of confidential material appears to have been reached, we discussed remaining disclosure issues.  Although we have not heard back, it appears the great bulk of those issues may have been resolved (see, Exhibit A).

As a side note, we expressed our surprise that, since the State defendants' counsel appeared to be representing the interests of the Attorney General's Office conducting the investigation – inappropriately we believe in light of the purported "Chinese Wall" between them – it had no objection to disseminating investigation materials to the *subject* of that investigation prior to the investigation's conclusion.  It appeared to us that, when confronted with this, it made no sense to Mr. Lynch either, although we cannot speak for him.  We suggested that a "So Ordered" stipulation agreeing that defendant Wetzel would not receive discovery associated with the investigation until the investigation's close would address this issue and that we would go along with that.

Hon. Ann Marie Donio
March 31, 2022
Page Two

      To be sure, Mr. Lynch's takeaway from our conversation may have been slightly different from our own (Exhibit B), but we quickly corrected any misimpression (Exhibit C).

      With respect to Ms. Chewning's claim that we have taken a position that defendant Wetzel should not be copied on or receive *any* correspondence, that is just incorrect as demonstrated in Exhibits B and D and defendant Wetzel's Exhibit 3.  Nevertheless, just as we are not parties to communications between defendants, we know of nothing which precludes our having conversations with any one of them singularly.  Ironically in light of her complaint, we were not included in Ms. Chewning's March 28, 2022 email to Mr. Lynch.  But we're okay with that.

      We do, however, as stated in our letter of even date to Ms. Chewning (Defendant Wetzel's Exhibit 3), agree that this Court's wisdom regarding matters which have arisen should be sought.

      As always, thank you for your courtesies and kind attention.

                                                 Respectfully,

                                                 /s/Neal Wiesner

                                               Neal Wiesner

cc:  All counsel of record (via CM/ECF)