**Wiesner Law Firm, P.C.**
34 East 23rd Street - 6th Floor
New York, New York 10010
(212) 732-2225
Fax: (646) 678-3532

Practicing in New York, New Jersey, U.S. Tax Ct.
nwiesner@wiesnerfirm.com

April 20, 2022

Hon. Ann Marie Donio
United States Magistrate Judge
 for the District of New Jersey
United States District Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

By ECF & First Class Mail (Courtesy Copy)

Re:  Estate of Gordon, et al v Wetzel, et al., 1:21-cv-04861 (NLH)(AMD)

Dear Judge Donio,

    While plaintiffs have requested additional time to prepare a response to the State defendants' motion for a partial stay of disclosure, because of the likelihood that certain matters will be touched on during tomorrow's conference, we write to provide some limited comment regarding our position and to relate matters which, subject to your leave, we may seek to raise.

    We have made a number of overtures and importunings to the State defendants to seek to resolve disclosure differences cooperatively.  Unfortunately, only when cornered by invocation of your previous direction to confer were we able to obtain one telephone conference towards that end.

    From our perspective, that conference illustrated bases by which most of our ostensible differences could be resolved.  For instance, in conversation defendants conceded their designation of confidentiality was blunderbuss and, indeed, claimed they did not mean what their words said in making such a broad designation.  We believe the State defendants concession was fairly encapsulated in our subsequent letter where we stated:

> With respect to plaintiffs' concerns regarding defendants' overuse of the confidentiality designation, you have indicated you will either strike their present

Hon. Ann Marie Donio
April 20, 2022
Page Two

> confidentiality designation, add language to explain it is not meant to mean what it says, or supplant it with something reasonable.

(Exhibit 1)

Notwithstanding, the State defendants have yet to make any change in their confidentiality designation.

With respect to our Notices to Admit, for example:

In the year 2020:

> 22   You were aware of a racial disproportionality of at least 5 to 1 in the use of force by the NJSP against black people as opposed to white people during the year 2018.

to which the defendants had responded:

> Deny. The term "racial disproportionality" is vague, ambiguous and open to various interpretations.

(Exhibit 2)

we agreed to provide further clarification of what we were asking - which we did - and the State defendants agreed to work with us so that our query could be sufficiently clarified to permit responsive answer.

This has not happened.

Additionally, during our conference, nearly a month ago now, we expressed concern that the State defendants were still in the process of gathering many of the documents they conceded were properly disclosable. Now approaching three months, they apparently remain in the gathering process. We suggested a process of rolling disclosure as responsive materials were gathered, but the State defendants have declined to engage in this despite the continued passing of weeks. We think this is unreasonable and, with no stay in effect, we have received nothing beyond raw data regarding use of force by the NJSP.

Hon. Ann Marie Donio
April 20, 2022
Page Three


More surprising to us was a premise of defendants' pending motion for a stay, i.e. that plaintiffs "insist[] that any such discovery be produced only to Plaintiffs, to the exclusion of Co-Defendant Wetzel" (Docket # 110-1, p 7).[1]

As we explained to the State defendants, perhaps too pungently:

> * * * We have insisted on a course of conduct with respect to defendant Wetzel?  Setting aside that this is simply not true, assuming we had, since when did the State defendants start yielding to our insistences?
>
> We are also insisting that the State defendants stop aiding, abetting and allowing force by State actors to be used disproportionally against citizens based upon the color of their skin and that they provide many millions of dollars in compensation to the plaintiffs.  If all we had to do to get the State defendants to do something was insist upon it, we would have made our insistence clear a long time ago and this case would be over.

(Exhibit 3)

As an initial matter, we have questioned the State defendants' standing to even raise the issue:

> * * * Nor has this concern been interposed by the Attorney General's Office who neither you nor we represent.  Instead, while purportedly being divorced and isolated from the Investigation, the State defendants' attorneys have been advocating a purported interest of that investigation which the Investigation itself has not interposed.

(Exhibit 4 [FN omitted])

---

[1]The State defendants had notice of our rejection of this position prior to filing their motion (Exhibit 4 ["*Our* proposed course?"})

Hon. Ann Marie Donio
April 20, 2022
Page Four

> But neither [the Attorney General's Office], nor the Investigation, are parties to this action and neither we, nor you, represent them.

(*Id.*)

Setting that aside, we have expressed our surprise that, until raised by the plaintiffs, the locus of the State defendants' alleged concerns for Grand Jury compromise has been disclosure to *plaintiffs*, bound by this Court's Order of Confidentiality, but not the *subject* of that investigation, defendant Wetzel:

> [Disclosure to defendant Wetzel, the subject of the Attorney General's investigation] was a concern that had apparently not even dawned on the State defendants until I raised it, contradicting their theme of purported dedication to protecting the Grand Jury process which, as you know, is a claim plaintiffs are skeptical of.

(*Id.*)

and:

> We believe that withholding materials related to the Grand Jury investigation from the subject of that investigation is sensible and consonant with the duties of the Attorney General's Office and the Investigation.
> * * *

(*Id.*)

While we can indeed insist as to our belief as to what is the proper course for the Attorney General's Office - which has not appeared in this action - our belief is not binding.  If it were, the State defendants would have provided us with disclosure some time ago and moved the Court for permission to delay disclosure to defendant Wetzel until Grand Jury proceedings are over assuming they somehow derived standing to do so.  Indeed, this is the course the State defendants' counsel appeared to agree to - albeit subject to approval from his supervisors - during our one conversation regarding disclosure disputes.

```
Hon. Ann Marie Donio
April 20, 2022
Page Five
```

    Notwithstanding, there have been no further conversations although it appeared to us that resolution of most of our disputes were within reach.

    We also respectfully disagree with defendant Wetzel's reliance upon Directive No. 2019-4 (Exhibit 5):

> If the investigation is to be independent and unimpeded, no one other than those identified in Directive No. 2019-4 should receive those documents. See Attorney General Law Enforcement Directive No. 2019-4, Directive Ensuring the Independent Investigation of Criminal Cases Involving Police Use-of-Force or In-Custody Deaths, at 8 (Dec. 4, 2019) (permitting dissemination of "investigative information with other law enforcement personnel" and only under limited circumstances (emphasis added)).

(Docket No. 112, p 2)

    The section cited by defendant Wetzel in no way proscribes the dissemination of discovery material to plaintiff in this context and under this Court's confidentiality Order.

    Moreover, we believe that a premise of defendant Wetzel's argument is insensible. He appears to suggest that disclosure of incriminating information to plaintiffs, who are bound to confidentiality, would somehow compromise his ability to defend. But the plaintiffs are not prosecuting him criminally and this "incriminating information," if it exists, is already in the hands of his prosecutor. It cannot prejudice defendant Wetzel's ability to defend, because he is not being asked to defend at the moment with a discovery stay in effect for him.

    As you know, the State defendants were originally to make a motion for a stay - if one was to be made - with the admonition that no stay was in effect absent its issuance. They did not make that motion and yet have effected a stay by their delay in gathering materials and claiming as objection - without standing we believe - Grand Jury interests, which was the basis of the stay they did not timely move for and is now the basis of the stay they seek.

```
Hon. Ann Marie Donio
April 20, 2022
Page Six
```

    Most pointedly, from our perspective the State defendants have demonstrated no genuine interest in resolving disclosure issues in a manner properly protective of any legitimate interest, and appear determined to obstruct plaintiffs' progress in this difficult case.

    As always, thank you for your courtesies and kind attention.

                                         Respectfully,

                                         /s/Neal Wiesner

                                         Neal Wiesner

cc:   All counsel of record (via CM/ECF)