William O. Wagstaff III – 041322009
The Wagstaff Firm, P.C.
*Attorneys for Plaintiff*
75 South Broadway Suite 400
White Plains, New York 10601
(914) 226-3300
william@wagstaff.legal

Neal Wiesner - 007942004
Wiesner Law Firm, P.C.
*Attorneys for Plaintiff*
34 East 23rd Street - 6th Floor
New York, New York 10010
(212) 732-2225
nwiesner@wiesnerfirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---------------------------------------
**MAURICE GORDON, SR. et al.**,

            **Plaintiffs**,

  -against-


**RANDALL WETZEL, et al.**,

            **Defendants**.
---------------------------------------

Plaintiffs' Brief in Opposition To Motion To Stay Discovery

# TABLE OF CONTENTS

**Preliminary Statement** . . . . . . . . . . . . . . . . . . . . . . . 1

## Argument

**The State Defendants Are Without Standing
 To Make Their Application.** . . . . . . . . . . . . . . . . . . . . 2

**The State Defendants Have Failed To Demonstrate
Entitlement To The Stay They Seek** . . . . . . . . . . . . . . . . 4

    **A.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    **B.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    **C.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    **D.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    **E.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Conclusion.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Preliminary Statement**

We submit that the fundamental premise of the State defendants' motion to stay is fallacious: that plaintiffs "insist[] that any such discovery be produced only to Plaintiffs, to the exclusion of Co-Defendant Wetzel" (Docket # 110-1, p 7).

The plaintiffs do not have the power to blockade disclosure to defendant Wetzel - only this Court can do that - and plaintiffs have not requested that of this Court nor have, indeed, the State defendants.

Thus, to the extent the State defendants have characterized their motion as impelled by plaintiffs' insistence that disclosure be kept from defendant Wetzel, we believe that is false and misleading.

To be sure, plaintiffs believe this to be the wiser and more appropriate course consonant with the interests the State defendants purport to advance, but the fact that plaintiffs decline to hide their perspective falls far short of demanding obeisance to it.

Indeed, these defendants, apparently asserting the interests of an office with whom, at the moment, they stand in self-

proclaimed isolation, make the locus of their application to withhold disclosure from the plaintiffs who would be receiving any disclosure under this Court's Confidentiality Order. They make only a single glancing reference to "expand[ing] the rights of criminal discovery beyond the limits of the New Jersey Court Rules" with respect to an adverse, albeit tepid, consequence of making this disclosure to defendant Wetzel, required to be a subject of a Grand Jury proceeding.

For the reasons set forth herein, it is respectfully submitted their motion should be denied in whole, or denied in whole with respect to the plaintiffs.

### The State Defendants Are without Standing To Make Their Application

As an initial matter, we submit that absent the concession of a fiction and its abandonment, the State defendants - sued in their individual and not official capacities - do not have the standing or knowledge to raise the Attorney General's Office's purported concerns about Grand Jury compromise[1] absent acknowledgment that

---

[1]To the extent they purport to be advancing such an interest, it is submitted that they do so in a manner suggestive of a confederacy of interests with defendant Wetzel, the individual they are purportedly investigating.

2

their putative independence from that office is a fiction, as is a claimed "Chinese Wall" separating them from the interests of, and communications with, that Office.[2]

The State defendants who, upon information and belief, contend they are neither producer nor possessor of the material sought, but merely conduits for its production, are without standing to interpose objections (see, Dart Industries, Inc., v. Liquid Nitrogen Proc. Corp. of Cal, 50 F.R.D. 286, 291 [D.Del.1970]).

These defendants, sued here in their individual capacities only, are not in possession of the disclosure sought and, in general, "A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself" (8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2035 [2d Ed. 1994]).  By analogy to subpoena practice, "A party generally lacks standing to quash a subpoena directed to a nonparty unless the party claims some personal right or privilege with regard to the documents sought. Verisign, Inc. v. XYZ.com 2015 WL 7960976 *2

---

[2] If the State defendants are to be believed regarding the degree of their isolation from the rest of their office, they are asserting interests of the Attorney General's Office at which they can only guess.

(D.Del. 2015])

In United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health and Welfare Fund v. Super Fresh Food Markets, Inc. (2006 WL 8457243 [NJDC] [Donio, MJ]), while acknowledging that a motion to quash a subpoena served on a non-party may be brought by a party asserting a "personal right or privilege with respect to the subject matter sought in the subpoena," this Court recognized that it generally "should be made by the party from whom the documents are sought" (*id.* at *4).

Thus, absent the assertion of some personal right or privilege - and none has been claimed - the moving defendants are without standing to move as they have. Indeed, as they proclaim complete ignorance of the interests of the portion of the Attorney General's Office which has conducted an investigation of defendant, they are not in a position, and are without standing, to propound what they guess those interests to be.

### The State Defendants Have Failed To Demonstrate Entitlement To The Stay They Seek

"[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is

4

even a fair possibility that the stay for which he prays will work damage to some one else" (Landis v. North American Co., 299 U.S. 248, 255 [1936]). Here, the State defendants have set forth no rationale for delaying disclosure to plaintiffs who would be receiving it under this Court's Confidentiality Order.

"The stay of a civil case is an "extraordinary remedy appropriate for extraordinary circumstances." Weil v. Markowitz, 829 F.2d 166, 174 n. 17 [D.C.Cir.1987]; see also, Walsh Securities, Inc. v. Cristo Property Management, Ltd., 7 F.Supp.2d 523, 526 [D.N.J. 1998]). The State specifically opposes the production of disclosure even tangentially related to an investigation which has occurred regarding the incident which undergirds this action until a Grand Jury presentation. This presentation has yet to even begin after more than twenty-three months and counting.

Even assuming *arguendo* that some of the materials they seek to withhold would end up making their way to a Grand Jury, materials created independently of the grand jury process do not automatically become "matters occurring before a grand jury" even when they are subpoenaed by or transmitted to a grand jury (In re

5

Grand Jury Matter, 697 F.2d 511, 513 [3rd Cir. 1982]).[3]

It appears that, correctly it is submitted, the State defendants have now abandoned the claim of a Grand Jury privilege they used in their disclosure responses to justify its refusal to produce. Their refusal to produce on these seemingly abandoned ground came after failing to make a timely motion for a stay given their initial opportunity to do so and while this Court made clear no stay is in effect

The bases of the State defendants' application are responded to below corresponding with the letter denominations in their brief.

**A**

The state defendants have failed to proffer even a single instance of harm to themselves which would arise from release of the disclosure they seek to hide, but this is reflective of the absence of any standing. Significantly, they have also failed to claim any harm to the Attorney General's Office by disclosure to

---

[3] In stating its position, the State articulated no rationale to support it or prejudice it sought to avoid. Indeed, the State did not even claim that the video it seeks to withhold will ever find its way before the Grand Jury.

6

the plaintiffs under the Court's Confidentiality Order.  That is because there is none.[4]

Any overlap between the issues before some future Grand Jury and those in the instant case is immaterial in that disclosure is hermetically received as confidential.

**B**

The State defendants, citing <u>Walsh Secs., Inc. v. Cristo Property Mgmt., Ltd.</u> (7 F. Supp.2d 523, 527 [D.N.J. 1998]), concede that "pre-indictment requests for a stay are generally denied." Here, their request is not only pre-indictment, it is pre-Grand Jury approaching two years after the acts at issue.

Moreover, while the AG's Office is required by statute to present - at least *pro forma* - the matter to a Grand Jury - they certainly haven't shown any urgency in doing so even as, upon information and belief, defendant Wetzel, conceivably a murderer - travels through this state with his handgun at his side.

---

[4]Were any actual concern identified, it is likely that the plaintiffs would stipulate to a measure resolving it.  We believe this is far more sensible under the circumstances than a draconian blanket ban proposed by the State defendants or burdening the Court and plaintiff with this application.

7

**C**

The State defendants argue that the stay they seek would "minimally" prejudice the plaintiffs even as they fail to propound even a single rationale as to how they would be harmed by release to plaintiffs of the material sought.

Ironically, while they argue to hold disclosure regarding their investigation of Maurice Gordon, Jr.'s death from his survivors, they were not so reticent in releasing highly-curated version of events surrounding his death - including video of the shooting - to the public.[5]  The native video files of what they've released are among the materials they now withhold.

**D**

It is submitted that the premise in State defendants' D is insensible.  It is set forth in its entirety for the Court's convenient reference:

> Wetzel could be prejudiced if a stay of discovery related
> to Plaintiffs' claims against him is not granted
>
>     The same public interest issues identified below

---

[5]In fact, the decedent's family could watch decedent's killing on You Tube before a copy of what defendants' published was provided to the family.

8

> that affect the general public interest in the integrity and effectiveness of the state criminal process somewhat overlap with Wetzel's interests as a potential criminal defendant.[FN in original 7] For example, any potential impingement upon his Fifth Amendment rights or premature exposure of his criminal defense strategy would also affect the public interest in effective criminal prosecution because those things could result in him moving to dismiss a criminal indictment or give grounds to undermine any potential criminal conviction on appeal. Thus, this factor also weighs in favor of issuing the requested stay.
>
> [FN in original] 7 Wetzel's counsel in this matter can more speak more fully as to any potential prejudice to him absent the requested stay.[6]

(Docket No.: 110-1, p 17)

At the risk of sounding flippant: Huh?

What "potential impingement" upon defendant Wetzel's Fifth Amendment rights can arise from disclosure of information in the hands of his prosecutor? The State defendants are granting Wetzel a Fifth Amendment right with respect to incriminating evidence they have against him? To protect his Fifth Amendment rights, they will not be submitting incriminating evidence to the Grand Jury?[7]

---

[6] While the State defendants, apparently hitting a roadblock, have invited defendant Wetzel to flesh out the prejudice to him, we submit he has been unable to meaningfully do so (see, Docket No.: 112).

[7] Unfortunately, that is not far from plaintiffs' suspicions.

9

Why would disclosure to the plaintiffs give rise to "premature exposure of [Wetzel's] criminal defense strategy?" Assuming that this information was shared by the State defendants with defendant Wetzel, they believe defendant Wetzel, from whom no disclosure can be sought under the Stay presently in place, will use this forum to start defending himself against the criminal charges?  It is submitted that if he did gratuitously do so, that would be on him. Although we all respect Constitutional rights, there is such a thing as their waiver.

### E

The State defendants Section E generally recycles their previous section.

For instance, they say "there are ways in which proceeding with discovery related to the underlying shooting at issue in this case could potentially affect the ongoing criminal investigation and any potential criminal charges that may result from it.

First, if the State defendants were sincere in their concerns presumably they would have at least moved to withhold disclosure from the subject of their investigation.  Second, unless the State defendants and their counsel are abandoning as fiction their

10

independence and insolation from the Attorney General's Office which will, at some point, make a Grand Jury presentation, they are propounding interests they only guess at while the genuine party in interest is apparently insufficiently concerned to voice them itself.

As for disclosure to plaintiff's under the Court's confidentiality Order, the State defendants describe the sound of a tree falling in the forest with no one to hear it.  In other words, if disclosure is made to plaintiffs and cannot be revealed, how that could potentially affect the ongoing[8] criminal investigation and any potential criminal charges that may result from it?

As far as the State defendants' claim that disclosure would "expand the rights of criminal discovery beyond the limits of the New Jersey Court Rules," that may provide justification for withholding disclosure from the *subject* of the investigation, albeit from him only.  But this is something for which defendants have not moved.

---

[8]Upon information and belief, there is no "ongoing" investigation.  The matter simply continues, month after month, after month, to await presentation before the Grand Jury.

**Conclusion**

There may be a case for a stay of disclosure solely with respect to defendant Wetzel, but the State defendants have neither made it nor sought that. We submit defendants have made no meaningful case against disclosure to the plaintiffs under the circumstances present, and that their request for a stay should be denied.

Dated:   New York, New York
         April 28, 2022

                            The Wiesner Law Firm, P.C.

                            /s/Neal Wiesner
By:_____
                            Neal Wiesner
                            34 East 23rd Street – 6th Floor
                            New York, New York 10010
                            (212) 732-2225
                            nwiesner@wiesnerfirm.com


                            William O. Wagstaff III
                            The Wagstaff Law Firm, P.C.
                            75 South Broadway Suite 400
                            White Plains, New York 10601
                            (914) 226-3300
                            William@Wagstaff.Legal