**Wiesner Law Firm, P.C.**
**34 East 23rd Street - 6th Floor**
**New York, New York 10010**
(212) 732-2225
Fax: (646) 678-3532

Practicing in New York, New Jersey, U.S. Tax Ct.
nwiesner@wiesnerfirm.com

July 20, 2022

Hon. Ann Marie Donio
United States Magistrate Judge
 for the District of New Jersey
United States District Courthouse
4th & Cooper Streets
Camden, New Jersey 08101


By ECF & First Class Mail (Courtesy Copy)


Re:  Estate of Gordon, et al v Wetzel, et al., 1:21-cv-04861 (NLH)
     (AMD)


Dear Judge Donio,


     I write in response to Mr. Freeman's letter to you dated July
19, 2022 and also to provide a brief update on the status of
disclosure.  At the time of our conference, we were under the
misimpression that defendants would be available to reify agreed
upon resolutions regarding disclosure that had been pending for
months.  As explained herein, they are not.

     But first, perhaps our request for data in serviceable form
needs to be clarified.

     N.J.S.A.  52:17B-235 provides, in pertinent part:

          a.  The [Office of Law Enforcement Professional
     Standards] shall prepare semi-annual public reports that
     include aggregate statistics on State Police traffic
     enforcement activities and procedures, segregated by
     State Police station and providing aggregate data on the
     race and ethnicity of the civilians involved. These
     reports shall include aggregate statistics on the number
     of motor vehicle stops, reason for the motor vehicle
     stop, enforcement actions, including, but not limited to,
     summonses, warnings, and arrests, requests for consent to
     search, consent searches conducted, non-consensual
     searches, and the use of force. The reports shall also

Hon. Ann Marie Donio
July 19, 2022
Page Two


include <u>aggregate</u> statistics of the number of criminal charges filed, contraband seizures and wanted persons taken into custody related to motor vehicle stops, and such additional data as may be jointly directed by the superintendent and Attorney General.

(emphasis added)

Thus, the Attorney General's Office of Law Enforcement Professional Standards ("OLEPS") is required by statute to collect and analyze this data.  Unless OLEPS analyzed by hand the data in the raw form provided to us, which it is our understanding – including from speaking with our expert – would be primitive, unwieldy, inefficient, extremely unlikely and invite inaccuracies, it should have the data transmuted into .xls or other format which facilitates analysis.  It is the data in this form we seek.[1]  Indeed, unless this is a reflection of our ignorance - which is always possible - it appears that data input in this form, at least commencing in October 2020, is published on the Attorney General's website.

Hopefully, this clarification will permit defendants to provide us the data in the form we seek.

As a side matter, we requested that defendants produce the semi-annual reports required by N.J.S.A. 52:17B-235 from 2014 to the present.  In response, defendants told us they are publicly available.  We raised the issue that defendants may misunderstand what is publicly available and received no response.

The Attorney General's Office of Law Enforcement Professional Standards ("OLEPS") issues three kinds of reports:  OLEPS Aggregate Reports of Traffic Enforcement Activities; OLEPS Oversight Reports (Formerly OLEPS Monitoring Reports), and OLEPS Aggregate Reports on Misconduct Investigations.[2]

---

[1]It is possible, simply as a matter of linguistics, that where defendants state "we are not in possession of any such electronic format," they are speaking for counsel themselves as opposed to on behalf of their client.  We discount this as a possibility as we believe it would be impermissibly misleading.

[2]https://www.nj.gov/oag/oleps/reports.html

Hon. Ann Marie Donio
July 19, 2022
Page Three


The most recent Aggregate Report of Traffic Enforcement Activities, published in August 2018,[3] covers the period six years ago from January 1, 2016 to June 30, 2016.  The defendants have failed to disclose the reports they are required by law to produce biannually for any period subsequent to the report covering that six month period.

OLEPS most recent Oversight Report[4], published in May of 2020, covered the period from July 1, 2016 to December 31, 2016 and as far as we can tell, is not aggregate.  Here too the defendants have failed to produce the reports they are required by law to publish biannually for any period subsequent to the report covering that six month period and they do not appear to be publicly available as required by statute.

On a final matter, as explanation of why we have no partner with whom we may seek to resolve disclosure issues, after our conference we sent defendants a letter requesting their effort to respond to ageing commitments with respect to disclosure (Exhibit A).  In response, defendants' counsel of record appeared to advise that they were off the case notwithstanding the fact that no substitution has been made.  Our effort to obtain defendants' cooperation in disclosure matters (Exhibit C) appears unavailing. Hopefully, once counsel appears, we can make some progress on this.

As always, thank you for your courtesies and kind attention.


Respectfully,

/s/Neal Wiesner

Neal Wiesner


cc:  All counsel of record (via CM/ECF)

---

[3]https://www.nj.gov/oag/oleps/pdfs/OLEPS-2018-Fifteenth-Aggregate-Report_TEA_njsp.pdf.

[4]https://www.nj.gov/oag/oleps/in-house-monitoring.html