UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MAURICE GORDON, SR. individually and as Administrator of the ESTATE of MAURICE GORDON, JR., et al.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>RANDALL WETZEL, et al.,<br><br>　　　　　Defendants. | Civil Action No: 21-4861 (KMW/AMD)<br><br>**DECLARATION** |

　　　　MATTHEW LYNCH, pursuant to 28 U.S.C. §1746, hereby declares:

　　　　1.　　I am a Deputy Attorney General for the State of New Jersey, Department of Law and Public Safety, Division of Law. I make this affidavit in response to the Court's Text Order of August 8, 2022 (the "Text Order"), which directs counsel for Defendants Grewal and Callahan to "submit an Affidavit to the Court setting forth if there is a searchable database available as to all use of force based complaints from 2015 through 2020, and also what efforts, if any, have been made to date to discover if such searchable database exists, as set forth on the record on 8/8/2022."

　　　　2.　　I note that the phrase "use of force based complaints" is somewhat different than the records that I have understood plaintiffs to be seeking. Plaintiffs' attorneys have been seeking data regarding use of force *forms*, specifically "Reportable Use of Force" forms, which are reports generated by members of the State Police, who are required to prepare such reports whenever a use of force incident occurs.

#3211772

3.      At the outset, the record should reflect that plaintiffs' attorneys already have access to a searchable database regarding use of force reports arising out of traffic stops between 2015 and 2020. That database resides and is publicly available at the following website: https://www.njoag.gov/trafficstops/. The data on that website goes back to the year 2009. State Defendants first identified this database in their Response to Plaintiffs' First Request for the Production of Documents, which was dated March 9, 2022.

4.      The record should also reflect that plaintiffs' attorneys already have in their possession copies of *all* Reportable Use of Force forms created by members of the State Police for the years 2015 through the date that Maurice Gordon was shot and killed in 2020, not just traffic stop-related uses of force. Those forms were produced as PDFs of the actual forms that were completed by each State Police member regarding each of their uses of force, and consist of 1,676 pages that have been Bate-stamped EST GORDON 7649-EST GORDON 9324. The issue plaintiffs' attorneys have with the forms that have been produced, as I understand it, is not the comprehensiveness or responsiveness of the production to date; the issue, rather, is that the produced reports are in PDF format, and are not electronically "searchable."

5.      The Reportable Use of Force forms that have been produced in discovery were produced in the same format in which the Division of Law received them, upon requesting them from the State Police for production in discovery in this case. We received them from the Civil Proceedings Unit in the State Police's Office of Professional Standards as PDFs; and we produced them as PDFs.

6.      Following the Case Management Conference of August 8 and the entry of the Text Order, I have gone back to the New Jersey State Police ("NJSP"), the Office of the Attorney General ("OAG") and the Office of Law Enforcement Professional Services ("OLEPS") and asked

#3211772

whether a searchable database exists as to all use of force reports (and not just stop-related reports) for the years 2015-2020.

7. Director Christina Glogoff confirmed that OLEPS does not collect or maintain data or statistics for non-traffic stop-related uses of force for that time period.

8. Assistant Attorney General Melanie Armstrong and Senior Deputy Attorney General Mary Beth Wood both informed me that OAG also has never collected or maintained data or statistics for overall uses of force for that time period, and that OAG does not have a database or system where such data is kept or maintained.

9. Following the August 8 conference, I communicated with our liaisons Stacy Rodefeld and Lieutenant Luis Ponte in the Civil Proceeding Unit of the State Police's Office of Professional Standards. They suggested two different units of the State Police that might be able to provide the use of force data in a searchable format: the Intake Unit and the MAPPS Unit.

10. I communicated with Lieutenant Ismael Vargas of the Intake Unit of the Office of Professional Standards. He explained that his Unit is responsible for inputting information about uses of force into a software system called IAPro. But he explained that IAPro could not convert the data inputted into that system into an exportable file where that aggregate data would be searchable. He explained that the use of the IAPro system in relation to use of force information is primarily for the purpose of triggering automatic reviews of a trooper's uses of force if an individual trooper is involved in a certain number of use of force incidents within a certain timeframe.

11. I also communicated with Lieutenant Michael Haws, who is the Unit Head for the MAPPS/Special Projects Unit in State Police's Office of Quality Assurance. He explained that, for the time period at issue—2015-2020—all Reportable Use of Force forms filled out by troopers

were done using the State Police's Record Management System ("RMS"), which then sends the data from those forms to a database. Lieutenant Haws informed me that the Office of Quality Assurance could create a spreadsheet containing all of the use of force data for that time period. He then had a member of his unit query the database for all of the use of force data for that time period and then convert that data into an Excel spreadsheet, which he then provided to me and State Defendants' current counsel, Benjamin Clarke, Esq.

      I declare under penalty of perjury that the foregoing is true and correct.

                                                  /s Matthew Lynch
                                                   Matthew Lynch
                                                   Deputy Attorney General

Date: August 29, 2022