**Wiesner Law Firm, P.C.**
34 East 23rd Street - 6th Floor
New York, New York 10010
(212) 732-2225
Fax: (646) 678-3532

Practicing in New York, New Jersey, U.S. Tax Ct.
nwiesner@wiesnerfirm.com

September 5, 2022

Hon. Ann Marie Donio
United States Magistrate Judge
 for the District of New Jersey
United States District Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

By ECF & First Class Mail (Courtesy Copy)

Re:  Estate of Gordon, et al v Wetzel, et al., 1:21-cv-04861 (NLH)(AMD)

Dear Judge Donio,

Pursuant to your direction, I write to provide a status report with respect to discovery issues in anticipation of our September 8, 2022 conference.

Referring to the State defendants (Messrs. Grewal and Callahan), as you know, during the period between prior counsel's anticipated departure and current counsel's appearance, these defendants abnegated the commitments reached during prior meet and confer sessions. We continue to await their performance on those commitments, some of them going back half a year.

For instance, early on defendants conceded that the breadth of disclosure they designated as confidential and subject to this Court's Confidentiality Order was way overbroad and indiscriminate. Defendants committed to reasonably tailor their designations. That has not happened.

This is not just an academic concern. We have found some evidence among the disclosure provided which we have held to be deeply disturbing and directly disconsonant with the narrative of Mr. Gordon's shooting the State defendants' office has propounded since its first public statement. In fact, we believe the omission of this evidence from the narrative of the defendants' Office would

Hon. Ann Marie Donio
September 5, 2022
Page Two

be viewed by many as evidence of an effort to "cook" that narrative and may be a matter of public interest. It is among the documents we believe to be improperly held as confidential.

As another example, months ago, Mr. Lynch agreed to provide all policies, guidelines, directives and the like regarding any duty an NJSP officer had to render emergency or first aid to an injured person. That too has not happened.

Again months ago, Mr. Lynch agreed to determine whether there was any GPS or other record which would show position and movement by time of defendant Wetzel's vehicle and also any records of radar readings in regards to the decedent's vehicle. We have heard nothing.

After Mr. Clarke filed his Notice of Appearance, by letter dated August 14, 2022 we identified a broad area where we believed conferring should yield some concordance between the parties and requested an opportunity to meet and confer that week about this and outstanding matters (Exhibit A). When the State defendants failed to offer a time to confer (Exhibit B), we followed with a second request (Exhibit C) which has met with no response.

To avoid endless impositions on the Court, we require a reasonable measure of cooperation between the parties. For instance, one disk of disclosure that we were provided with we have been unable to open. That may be resolvable with some simple instructions but, as with counsel's predecessor, our requests to confer are ignored.

As it stands, we have noticed the head of OLEPS for deposition on September 12, 2022. Nevertheless, in light of defendants' failure to communicate with us as we attempt to work through discovery issues relevant to inquiries we wish to make of this witness, depositions may have to be delayed.

For our part, we will say that there is a great deal of material which has been provided which must be sifted through carefully and thoughtfully. We believe we are being reasonably diligent in that process, but it is a big undertaking and has not been completed.

Finally, we are glad to learn from Mr. Lynch's declaration that the data we sought is available in the form we sought. Given

Hon. Ann Marie Donio
September 5, 2022
Page Three


our written requests and our extensive verbal explications during telephone conferences, it is difficult for us to understand how the State defendants could possibly have been confused about what we sought, but we are happy if that is cleared up for them now and look forwarded to receiving what we were seeking.

      As always, thank you for your courtesies and kind attention.

                              Respectfully,

                              /s/Neal Wiesner

                              Neal Wiesner


cc:   All counsel of record (via CM/ECF)